WALTON, Plaintiff in Error, *vs.* WALTON, Defendant in Error.

1. Under the 16th article of the new code, there is a distinction between a *referee* and a *commissioner.* A referee is named by the consent of the parties. A commissioner can only be appointed, when the parties do not agree on a reference.
2. A referee should proceed according to the act concerning arbitrations and references (R. C. 1845 ;) he should find the facts upon which his judgment is based, and should report the testimony of witnesses taken before him. His report becomes the judgment of the court, and can only be reviewed in the manner prescribed in section 3 of article 15 of the code, concerning trials by the court.
3. A *commissioner,* appointed under the 5th section of the 16th article of the new code, will proceed in the manner pointed out by the 4th article of the act concerning chancery practice, (R. C. 1845.) His proceedings, after being passed upon by the court below, will be reviewed in the supreme court on appeal or writ of error, the report being made a part of the record by a bill of exceptions.
4. The new code does away with the old rule in respect to the weight of an answer in chancery. If an answer sets up new matter in defence, the burden of proof is on the defendant.

*Error to St. Louis Court of Common Pleas.*

*E. Casselberry,* for plaintiff in error.
*Todd & Krum,* for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

This was a petition filed by the plaintiff in error *against the* defendant in error, the object of which was to obtain the settlement of the concerns of a partnership business in keeping a livery stable. After an answer was filed, the cause was ordered to be referred to Micajah Tarver, Esq., by the consent of parties ; and it was further ordered that he make a report of his proceedings without delay. The referee, in pursuance to this order, made a report, stating a balance in favor of the plaintiff ; the case was referred back to the referee, who again reported an increased sum for the plaintiff. These reports

Walton *v.* Walton.

contained a statement of facts and were accompanied by the evidence taken by the referee. Upon their coming in, exceptions were taken by both parties to them. On a hearing of the exceptions, the court found a small balance for the plaintiff. A rehearing was afterwards granted, on motion of the plaintiff, and a judgment for a small sum was entered for the defendant. To reverse this judgment, this writ of error is prosecuted.

1. This is one of those cases, like many others arising under the code, in which the proceedings become so entangled, that the difficulty of getting at the points of the controversy is much greater than any in applying the law arising upon the facts, when properly presented. The parties seem to have confounded the trial by a referee under the provisions of the code, and a reference to a commissioner, who has the powers and proceeds as a commissioner in chancery, according to the present chancery practice. The 5th section of the 16th article of the code provides, when a special or general commissioner may be appointed who shall have the powers and proceed as commissioners in chancery. The proceedings in the case now before the court were not under this section, as is apparent from the face of the record. Because this action would have been begun by a bill in equity under the ancient regime, we are not, therefore, warranted in presuming that, because a reference was made, it was intended that it should be to a commissioner, with the powers of a commissioner in chancery. In this cause, a referee is named and appointed, with the consent of the parties. A commissioner, who proceeds according to the rules of chancery practice, can, under the code, be only appointed when the parties do not agree on a reference.

2. The referee was appointed under the second section of the article above referred to; and the third section of that article enacts, that the report of the referees upon the whole issue, shall stand as the decision of the court, in the same manner as if the action had been tried by the court, and their decision upon the matters referred may be excepted to and re-

viewed in like manner. When a' cause is referred under the second section of the 16th article of the code, the report of the referee becomes the judgment of the court, and it can only be reviewed in the manner provided in the third section of the article respecting trials by the court. If, upon the coming in of the report, the court is dissatisfied with the finding of the facts, a new reference will be ordered, which, if not objected to, may be made to the same referee. In case of a reference, the referee should be directed to govern himself by the provisions in the act concerning arbitrations and references, which relate to the proceedings of referees. As the report of the referee is the substitute for the finding of the court, when the trial is had by it, the facts should be found as in a special verdict. A mere detail of the testimony of witnesses is no finding of facts within the meaning of the law. The referee, under the direction of the court, in pursuance to the act concerning arbitrations and references, will also report the testimony of the witnesses taken before him, to enable the parties to have the benefit of a review of the facts contained in the report.

3. When a commissioner is appointed under the 5th section of the 16th article of the code, he will not proceed in the manner above stated, but in pursuance to the provisions of the 4th article of the act concerning chancery practice, in the revised code of 1845. His proceedings, after being passed upon in the court below, will be reviewed in this court by appeal or writ of error, the report being made a part of the record by a bill of exceptions.

The proceedings in this case seem to be a compound of these different modes of procedure, and create great embarrassment. While there was an order of reference of the whole issue, the court had no authority to review the finding but in the manner pointed out by the code. If the order of reference could be disregarded, and the issue tried by the court, then the facts must all be found by the court, as in cases where the trial is regularly submitted to it.

4. The error of the court in sanctioning the opinion of the

referee, that an answer setting up new matter in avoidance of the facts stated in a petition must be taken to be true, renders a reversal of the judgment necessary, in order that justice may be done between the parties. We are of the opinion that the old rule with respect to the weight of an answer in chancery is done away with by the new code. If the plaintiff affirms and the defendant denies, the burden of proof is on the plaintiff. If the defendant confesses, and avoids the plaintiff's allegations by setting up new matter, the proof of the new matter is the province of the defendant.

The other judges concurring, the judgment is reversed and the cause remanded.