HAYS, Respondent, v. HAYS' ADMINISTRATOR, Appellant.

1. A report of a referee, to whom a cause had been referred under article 16 of the practice act of 1849 to report upon the whole issue, stands as the decision of the court, and the Supreme Court will not review the same upon the facts unless the evidence be preserved in a bill of exceptions.

*Appeal from St. Louis Court of Common Pleas.*

*Knox & Kellogg*, for appellant.

*Gantt*, for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

This case required the examination of partnership accounts, and was therefore properly referred under the provisions of article 16 of the practice act of 1849. The referee was directed to hear and decide the whole issue, and his report when filed stood as the decision of the court, "in the same manner as if the action had been tried by the court" and his decision upon the matters referred to him was subject to be excepted to and reviewed in like manner. (Art. 16, § 3; Walton v. Walton, 17 Mo. 377.)

The second and third sections of the 15th article regulate the mode of trial by the court and prescribe the course to be pursued by either party who is dissatisfied with the decision. It is the duty of the court to state the facts deduced from the evidence as in a special verdict, but not the details of the testimony, and then the conclusion of law upon them, on which the judgment is rendered. Either party may except to any decision upon a matter of law arising on the trial, in excluding or admitting evidence, " in the same manner and with the same effect as upon a trial by a jury ;" but as the exceptions would not appear on the record nor in the finding, it is necessary to save them by a bill of exceptions.

If the party against whom the decision is made is content with the facts as found, but objects that they do not warrant

the judgment, he may file his motion asking the court to review its conclusions of law on the facts as found, and the consideration of this motion would not require any examination of the evidence, and it need not therefore be preserved. But if the objection is that the facts stated in the finding are against the evidence, or without any evidence to support them, or that other facts ought to be found from the evidence which the court has omitted to find, the motion for a review ought to state the particular errors in the finding, " and make a case containing so much of the evidence as may be material to the question to be raised." It is manifest that the merits of a motion of the latter kind can not be considered in this court without the evidence on which it is based; and as none of the evidence in this cause is preserved in the bill of exceptions, we can not look outside of the finding. The objections taken to the finding in the defendant's motion for a review would be fatal to the judgment if they were sustained by the evidence; but as their consideration necessarily requires an examination of the evidence, which is not preserved, we can only look at the finding as it is. The report of the evidence taken by the referee is no part of his finding of facts, but it might have been made a part of the record by being incorporated in the bill of exceptions, which was not done in this case. The facts as found by the referee warranted his conclusion, and the judgment will be affirmed. The other judges concur.