SMITH *et al.*, *Administrators*, v. PARIS *et al.*, *Appellants.*

1. **Referee's Report**: PRACTICE. The court is not bound to adopt or reject the report of a referee *in toto;* but may adopt it with modifications.

2. **Promissory Note**: CONSIDERATION: ADMINISTRATION. A delinquent administrator gave his own note in settlement of a demand against the estate of his intestate, upon an understanding that a suit then pending against him should be dismissed. The plaintiff afterwards refused to dismiss until the administrator should pay another demand which had been allowed against the estate. This was paid, and the suit was then dismissed. *Held,* that the exaction

70 615
39a 648
70 615
122 255
70 615
80a 206
70 615
94a 1267

of this payment before carrying out the agreement to dismiss con-stituted no defense to an action on the note.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

This was a suit upon a note made by defendant Paris with defendants Holland and Bigbee as sureties. The note was given in settlement of a demand which had been al-lowed against the estate of John Young deceased, of which Paris had been administrator. The defense was that the note had been given by Paris, who was an illit-erate man, under the mistaken belief that he had in his hands sufficient assets of the estate to pay the debt; that he had been led into this belief by errors in accounting committed by the officers of the probate court and his own counsel; that upon the showing made by the records of that court the plaintiff had wrongfully obtained an execu-tion which was levied on property of defendant Paris worth more than $50,000; that to prevent the sacrifice of this property he had given the note; that as a further con-dition and consideration for the execution of the note, the plaintiff, through his attorney, Ellis, had agreed that a suit then pending, wherein one Headlee, as administrator *de bonis non* of Young, sued defendant Paris and the sureties in his administrator's bond, should be dismissed, but after-wards, in violation of said agreement, Ellis had refused to cause the dismissal of said suit and it had not been dis-missed until defendant Paris had paid the claim of one Anderson against the estate of Young.

*J. C. Cravens* for appellants.

*F. S. Heffernan* for respondents.

NAPTON, J.—This case was sent back to the circuit court in 1873, (see *Smith et al., v. Paris*, 53 Mo. 274,) with

a view to let in the evidence offered by defendant to establish the truth of his answer, which had been rejected by the circuit court. When the case was again called in the circuit court, it appearing to that court that the matters in issue involved the examination of long accounts as well as the entire business pertaining to the estate of John Young, deceased, of which Paris, the defendant, was administrator, the court appointed a referee, and he was required to investigate some forty-seven points of inquiry submitted by the court and report the evidence on them and his conclusions on the evidence. On the 30th day of July, 1875, the referee filed his report, which included all the evidence taken before him, and his opinion in regard to all the points submitted to him. The amount of it was, that the administrator, Paris, was then chargeable with upwards of $15,000.

On the 1st day of November, 1875, the defendants filed their exceptions to the report, which are as follows: "The said report is incomplete, defective and unjust to defendants in this, that the referee fails to give Paris credit for the expenses of administration of said estate, amounting to about $3,373.32, as follows:

| | |
|---|---:|
| Expenses of administration (" Ex. D.") - | $1,800 63 |
| Commission on $17,453.68 - - - - | 872 69 |
| Attorneys' fees, Sherwood and Young - | 500 00 |
| Attorney's fees, Bray - - - . - - | 200 00 |
| Total - - - - - - | $3,373 32 |

And fails to deduct such credits or any credits for expenses of administration from the money which the administrator received. And in this: That the referee charges Paris with the sum of $993.50, profits by him made on the sale of the Boxley land, when the testimony shows that the administrator was charged in his inventory with the whole amount of the Boxley debt, and that he bought it in to save the estate, and then let Mrs. Boxley have it for the amount of the debt and costs in the case. And in

this:   The referee charges Paris with the sum of $1,478.43, as money in his hands belonging to the partnership estate of Young & Weaver, when it appears by the evidence that said partnership estate is not yet settled, and without any authority or direction from the court to inquire into the condition of said estate, and without there having been any order of any court of competent jurisdiction making distribution of the assets on hand.   And in this:   The referee fails to give the administrator credit for the amount paid by him to the bank of the State of Missouri, and Danforth and Sheppard and Roper and Barrett, which amounts were paid during the first year of his administration, and afterwards allowed by the probate court as vouchers in his settlement, the same not having been presented for allowance before that time and classified, to-wit, the sum of $10,287.74, viz:

| G. R. Barrett | - | - | - | - | - | - | $  102 | 13 |
| W. F. Roper | - | - | - | - | - | - | 15 | 00 |
| Bank of Missouri | - | - | - | - | - | 2,400 | 00 |
| Bank of Missouri | - | - | - | - | - | 700 | 00 |
| Bank of Missouri | - | - | - | - | - | 500 | 00 |
| Danforth, cashier | - | - | - | - | - | 2,620 | 00 |
| Sheppard, cashier | - | - | - | - | - | 746 | 00 |
| Interest to bank | - | - | - | - | - | 102 | 30 |
| Interest to bank | - | - | - | - | - | 101 | 55 |
| Total | - | - | - | - | - | - | $10,287 | 74 |

And in this:   Because the evidence shows that it was a part of the consideration of said note sued on, that the suit of the State to use of Headlee, &c., v. Paris et al., was to be dismissed, and the same was prosecuted by the plaintiffs, through their attorney, Ellis, for their benefit, and that the same was not dismissed, as agreed to be, for more than two years, and then only upon Paris paying $1,200, which amount Paris was compelled, and did pay, in order to obtain a dismissal of said suit, and which amount said Paris

should have credit for as against said demand sued on, and which the referee has not allowed.

Defendants, therefore, moved the court, that the whole matter be recommitted to said referee with special instructions to deduct from the amount of the inventory, as found in said report, the sums of $993.50 and $1,478.43, making a total of $2,471.93, being amount erroneously charged on the Boxley land and the copartnership estate of Young & Weaver; and that he deduct from the amount of the inventory thus ascertained, the amount the administrator has paid out as costs and expenses of administration, and a commission of five per cent. on all sums paid out, and for attorneys' fees, and for all sums paid out on first, second, third, fourth and fifth classes, and for all other sums by him paid out on demands against said estate in the first and second years of his administration, and which have been allowed him by the probate court in his settlements as credits on said estate, and in all other things that he be governed by the instructions heretofore given."

The court refused to refer the case back, and in January, 1876, the following finding and judgment were rendered: Now at this day comes on the motion of defendants asking that the said matter be referred back to said referee, and the court overrules said motion and refuses to re-refer the same. And the court finds upon examination of the testimony taken and returned by said referee, that the findings by him are incorrect in charging said Paris with profits made upon the sale of land to Boxley, but finds that said Paris collected in the settlement of the Boxley debt five per cent. attorneys' fees upon said sum, to-wit: on $4,-888.00 in addition to said debt, and in his accounts has a credit for five per cent. paid for attorneys' fees in said matter, which he is not entitled to, and the court finds that said Paris paid costs and expenses of administration of said estate which the referee in his findings does not credit said Paris for, but the court finds that said referee does not in his findings charge said Paris with any interest that

accrued upon notes that were drawing interest after the date of the filing of his inventory, but only with such interest as had accrued up to the date of filing said inventory; and the court does not find that the claims which said Paris claims to have paid to Barrett, Roper, the Bank of Missouri, Danforth, cashier, or Sheppard, cashier, (if paid at all,) were ever allowed or classified against said estate; nor does the court find from the testimony that said last mentioned claims, if paid at all, were paid within one year after the granting of the first letters of administration upon said estate. It is, therefore, found that said Paris is not, as against the note sued on, entitled to be credited with said claims as payments in the fifth class of claims. The court finds that the claim which John P. Ellis required said Paris to pay, before he would dismiss the suit of Headlee v. Paris and his securities, was a claim of W. B. Anderson, in the fifth class of claims against said estate, which said estate was liable to pay, and said Paris has been credited in full for the same since he was compelled to pay it by said Ellis; that said Paris paid said Ellis $200 attorney's fees in addition to said claims. The court does not, therefore, find that plaintiffs caused any damages to said Paris by reason of failure on the part of said Ellis to dismiss said suit; and upon the evidence in the case, the court finds that said Paris, at the time of executing the note sued on, had in his hands a sufficient amount of assets of said estate to pay all demands in the fifth class, and that defendants, therefore, ought to pay the balance of said note and the interest thereon, which the court finds from an examination thereof, to be the sum of $5,733.84, after deducting said $200. It is, therefore, considered by the court that plaintiffs have and recover of and from said defendants said sum of $5,733.84 and costs of suit, and that this judgment bear ten per cent. interest per annum. The usual motions for a new trial and in arrest were made and overruled, and the case was brought here by appeal.

It will be seen by a recurrence to the report of this

case in the 53rd volume, where the defense is set out in full, that it was with some hesitation that the case was. remanded, and that result was reached principally by the apparent duress under which the note was given, and the ignorance of defendant, though an administrator, of the true condition of the estate of Young, and the alleged mistake made by the probate court in their estimates of the funds in the hands of the defendant. It now appears from the finding of the referee, after a careful and minute investigation approved by the judge, and the subsequent finding of the court correcting some errors in the report, that there were ample funds in the hands of the administrator to pay this and all other claims in the fifth class, and that the mistakes of the probate court were just the reverse of what they were alleged to be, mistakes not against the administrator, but in his favor. It will be observed that the defense in this case was an appeal to the equitable jurisdiction of the court, to relieve defendant from the payment of a note against which it was conceded he had no legal defense.

The circuit judge, as the chancellor, might have disregarded the report of the referee entirely, or adopted such parts of it as seemed to him right, or modi-

1. REFEREE'S RE-
RORT: practice. fied it and adopted it with corrections. The point made here, that the judge had no power to do otherwise than to adopt the findings of the referee *in toto*, or send it back for a re-examination and report, is without foundation. It is not upon a footing with a verdict in a suit at law. It is a reference to what, in chancery, as it was before the adoption of the new practice act, was called a commissioner to report facts for the information of the chancellor. The case of *Walton v. Walton*, 17 Mo. 376, was decided under the revision of 1845, and is no longer applicable.

The principal objection to the judgment of the court is, that it disregarded the finding of the referee

2. PROMISSORY
NOTE: considera-
tion: administra-
tion.
of the promise of the attorney, Ellis, to dismiss the suit of Headlee, and the attorney's subsequent refusal to dismiss said suit until the defendant paid a debt of $1,200 which he had subsequently received for collection from one Anderson. Notwithstanding the finding of the referee, the court, it is true, gave judgment against the defendant, and also gave, as it seems to me, very good reasons for attaching no importance to the fact found. It was a just claim against the estate and in the fifth class, and the defendant had the money to pay it, and was in duty bound to pay it. The only effect, therefore, of this coercive process of the attorney was to hasten the performance of an obligation which devolved on the defendant, and which he was bound to discharge whether the suit of Headlee was dismissed or not. He was simply coerced into the performance of his duty. The judgment must be affirmed. The other judges concur except SHERWOOD, C. J., who, having been of counsel, did not sit.