W. B. McIntire, Administrator, Plaintiff in Error, v. William Calhoun and Joseph Sallee, Defendants in Error.

Kansas City Court of Appeals, November 7, 1887.

Pleading — Practice — Matters in Abatement and in Bar — Rule Prevailing in this State.—At common law, when matters in abatement and in bar are contained in the same answer, the matters in abatement are waived by setting up the defence in bar. But this rule has been changed by the code of practice in this state, and only one answer is contemplated by that code, and the answer may contain whatever defences the defendant may have, in disregard of the common-law rule. *Little v. Harrington*, 71 Mo. 390.

Error to Audrain Circuit Court, Hon. Elijah Robinson, Judge.

*Affirmed.*

The case is stated in the opinion.

W. A. Edmonston and George Robertson, for the plaintiff in error.

I. Defendants' answer contains both a plea to the jurisdiction over the person of defendant Sallee and an answer to the merits of plaintiff's petition. The court sustained the plea to the jurisdiction and dismissed plaintiff's suit as to both defendants. "An appearance to the merits and setting up of a defence in bar to the action waives a plea to the jurisdiction." *Fugate v. Glasscock*, 7 Mo. 377; *Cannon v. McManus*, 17 Mo. 345; *Ripstein v. Insurance Co.*, 57 Mo. 86; *Kronski v. Railroad*, 77 Mo. 362.

II. "When matters in abatement and bar are contained in the same answer, the matters in abatement are

waived by setting up the defence in bar." *Fordyce v. Hathorn*, 57 Mo. 120. In *Moody v. Deutsch*, the defendant Deutsch, in the same answer, sets up a plea to the jurisdiction over his person and an answer to the merits by denying each and every allegation set out in plaintiff's petition. The court in this case decides that, by answering to the merits, he waived his plea to the jurisdiction, and cite and sustain the doctrine in 57 Mo., *supra*. *Moody v. Deutsch*, 85 Mo. 237.

CREWS & THURMOND, for the defendants in error.

I. Plaintiff made no objection to defendants' answer by replication, motion to strike out, or demurrer, nor by motion for new trial, or in arrest of judgment. The attention of the trial court was not called to defendant Sallee's plea to the merits. Can the appellate court review an error, even in the records, unless the trial court's attention was called thereto, and unless the trial court had passed upon the alleged error specifically? *The State ex rel. Howard County v. Burckhartt et al.*, 83 Mo. 430, and authorities cited; *Exchange National Bank v. Allen et al.*, 68 Mo. 474; *Acock v. Acock*, 57 Mo. 154.

II. Only one answer is contemplated, and this is to contain whatever defence or defences the defendant may have, thus dispensing with the common-law rule that a plea in bar waives all dilatory pleas, or pleas not going to the merits. *Little v. Harrington*, 71 Mo. 390; Bliss Code Pleading, as cited in this case, section 345; *Ripstein v. Insurance Co.*, 57 Mo. 86; *Fordyce v. Hathorn*, 57 Mo. 120, cited by plaintiff, overruled by *Little v. Harrington*. Defence to the merits may be united in the same answer with a plea to the jurisdiction, but the court ought to settle the question of jurisdiction before permitting a trial on the merits. *Byler v. Jones*, 79 Mo. 261. In *Moody v. Deutsch* (85 Mo. 237), cited by plaintiff, it seems that the court overlooked *Byr le v.*

*Jones* (79 Mo. 261) and *Little v. Harrington*, as neither counsel nor the court referred to either of these cases.

III.   While Calhoun put in no plea to jurisdiction, Sallee, answering for him, set out the fact that Calhoun, before the bringing of the suit, had sold all his interest in the accounts to Sallee, and, therefore, was not a holder of any part of the accounts.   The court heard the evidence on this point, and, upon proof of this point alone, the court could find it had no jurisdiction over Sallee, and the allegation that Calhoun was not a holder of the accounts not being denied, the case was properly dismissed as to both.

Hall, J.—The question in this case is, can an answer contain both a plea to the jurisdiction over the person of defendants and a defence to the merits, or does the latter waive the former?

If a defence to the merits may be included in the answer with a plea to such jurisdiction, the judgment of the circuit court must be affirmed; if not, the judgment must be reversed.

In *Fordyce v. Hathorn* (57 Mo. 120), it was held that, "when matters in abatement and bar are contained in the same answer, the matters in abatement are waived by setting up the defence in bar."   It was also so held in *Ripstein v. Insurance Co.* (57 Mo. 86).   In *Little v. Harrington* (71 Mo. 390), the whole subject was reviewed, and it was explained that the common-law rule, announced in the former cases, had been changed by our code.   It was there said that only *one* answer is contemplated by our code, and that the answer may contain whatever defences the defendant may have, in disregard of the common-law rule.   The former cases were overruled.   In *Byler v. Jones* (79 Mo. 263), *Little v. Harrington* was approved.

As said in *Little v. Harrington* (*supra*) in neither of the cases reported in 57 Mo. "are the provisions of the code * * * alluded to or discussed, but the case

of *Cannon v. McManus* (17 Mo. 345), is relied on as authority—a case which originated by attachment, and in which the statute authorizing attachment suits expressly permits the defendant to file a plea in the nature of a plea in abatement." In *Moody v. Deutsch* (85 Mo. 237), under one of the numerous points, the two cases in 57 Mo. are cited and approved. The subsequent cases of *Little v. Harrington*, and of *Byler v. Jones*, are not referred to, the provisions of the code are not alluded to, the subject is not discussed ; the two former cases, in 57 Mo., are simply cited and approved, as a matter of course, as being conclusive and of controlling authority.

Under the circumstances, it is certain that in *Moody v. Deutsch* the cases of *Little v. Harrington*, and *Byler v. Jones*, were overlooked, and that the court did not intend to overrule them. The subject stands as if the case of *Moody v. Deutsch* had never been decided. We are bound by the last decision of the Supreme Court on any question of law, but, under the circumstances referred to, we feel it incumbent upon us to disregard the decision in *Moody v. Deutsch* upon the question in this case. We feel constrained to consider the case of *Little v. Harrington*, approved in *Byler v. Jones*, as the last expression of the opinion of the Supreme Court on that question.

Judgment affirmed.   All concur.