Dale v. Hogan.

WILLIAM J. DALE, Respondent, v. JAMES HOGAN, Appellant.

### St. Louis Court of Appeals, March 4, 1890.

Practice, Appellate: EQUITY SUITS. In an action in chancery, it is the duty of this court to look into the evidence, and determine from it the rights and liabilities of the parties as to all matters forming the subject of investigation.

*Appeal from the Shelby Circuit Court.*—HON. THOS. H. BACON, Judge.

REVERSED AND REMANDED (*with directions*).

*W. O. L. Jewett*, for the appellant.

*J. T. Lloyd* and *R. P. Giles*, for the respondent.

BIGGS, J., delivered the opinion of the court.

The plaintiff and defendant, in the year 1883, engaged in the saloon business in the town of Clarence, Missouri. On the twenty-fifth day of January, 1884,

one Huston adjusted the partnership business between the parties, and he found that the defendant, at that date, had in his hands the sum of two hundred and eighty-two dollars and thirty-one cents, which he had received from the co-partnership business; but whether this amount was due to the firm or to the plaintiff was a matter of some controversy on the trial of this cause. The parties continued the saloon business until June, 1885, when it was closed out by sale, and the plaintiff and defendant reinvested the bulk of their co-partnership funds in a livery business. The parties continued the latter business until December, 1886, at which time the firm was dissolved by the sale of the defendant's interest to a third person.

The present action is a suit in equity by the plaintiff, in which he asks for a settlement or adjustment of the partnership business. The defendant admitted the co-partnership, its dissolution, and that no settlement had been had between him and plaintiff; but he denied that he was indebted to plaintiff in any sum whatever.

The case was sent to a referee with instructions to take testimony and report to the court the state of the co-partnership account. The first report of the referee the court held to be insufficient, and he was ordered to take additional evidence, make an itemized statement of the account, return the evidence taken by him, and report the result of his investigations to the court. This the referee did, and, at a subsequent term, he made a second report, in which he stated the items of the account, and, as a result, found that the defendant was rightfully indebted to plaintiff in the sum of three hundred and seventy-four dollars and six cents. The defendant filed exceptions to the report, which exceptions the court overruled, and entered judgment against the defendant in accordance with the report. He complains of this judgment, and has brought the case to this court for review.

Dale v. Hogan.

This is an action in chancery, and the entire evidence taken by the referee, and upon which his finding and the judgment of the court were based, is before us. In such actions it is made our duty to look into the evidence, and determine from it the rights and liabilities of the parties as to all matters forming the subject of investigation. *State ex rel. Walker v. Hurlstone*, 92 Mo. 327; *Caruth-Byrnes Hardware Co. v. Wolter*, 91 Mo. 484; *Smith v. Paris*, 70 Mo. 615. From an examination of the evidence, we readily understand all the items of the account, as found and reported by the referee, but, as he failed to make a tabulated statement, we have been puzzled to understand how he and the trial court came to the conclusion that the defendant, under the findings, was indebted to plaintiff in the sum of three hundred and seventy-four dollars. The plaintiff's counsel undertook to enlighten us on the subject, and submitted a tabulated statement, showing how the referee arrived at his conclusion as to the amount due. We presume that counsel are right in this, but, if so, it proves that the finding of the referee as to the balance due and the judgment of the court thereon is radically wrong. In this tabulated statement, the defendant is charged with the gross receipts from the saloon business, and the amount of the sale of the stock and fixtures, and he is credited with expenses and debts of the saloon, the disbursements in building the livery barn, and purchasing livery stock. In this we can see no objection, because the evidence showed that the defendant kept the firm books, received all money, and paid all bills. It was disclosed by the evidence that, during the continuation of the business, the defendant had paid to plaintiff, out of the partnership funds received by him, the sum of three hundred and eighty-eight dollars and ninety cents. Instead of giving the defendant credit for this amount, the referee, according to the tabulated statement, charged him with it. This amounted to a

Dale v. Hogan.

double charge, for the simple reason that the amount so paid to plaintiff was included in the receipts, all of which had been previously charged against defendant.

We have gone through the record with a great deal of care, and have satisfied ourselves that the items of the account, as ascertained and determined by the referee, are fully supported and authorized by the evidence, and, if the account had been stated accordingly, and the true balance ascertained, the defendant would have had no just cause for complaint.

In order that our conclusion may be understood we have thought proper to state the account in this opinion as follows :

"James Hogan, in account with Hogan and Dale.
Dr.

| | | |
|---|---|---|
| To total cash receipts from saloon from January 25, 1884 (the date of the Huston settlement), to July 5, 1885. | $11,511 | 20 |
| To amount sale stock and saloon fixtures.............................. | 1700 | 00 |
| To amount sale horse to Kirby....... | 145 | 00 |
| To amount cash received of Hunolt in horse trade.................... | 15 | 00 |
| To amount cash received for cow sold. | 40 | 00 |
| To amount error in charge of dray bill. | 10 | 00 |
| To amount error in charge for fixing rooms............................. | 10 | 00 |
| To amount interest received by Hogan. | 250 | 00 |

$13,681 20

" James Hogan, in account with Hogan and Dale.
Cr.

| | | |
|---|---|---|
| By cash expenses paid by Hogan saloon business........................ | $7381 | 25 |
| By cash expenses after saloon closed. | 582 | 05 |
| By cash paid W. J. Dale by Hogan out of copartnership funds....... | 388 | 90 |

Dale v. Hogan.

| | | |
|---|---:|---:|
| By cash paid by Hogan for building barn.......................... | 2560 | 80 |
| By cash paid by Hogan for horses.. | 965 | 00 |
| By cash paid by Hogan for buggies and wagons...................... | 1130 | 00 |
| By cash paid by Hogan for harness.. | 302 | 60 |
| By cash paid by Hogan for sleighs and cutters.......................... | 44 | 50 |
| By cash paid by Hogan for sundries. | 10 | 00 |
| By cash paid by Hogan for insurance. | 21 | 50 |
| By cash due from firm by note outstanding which is charged to defendant. | 150 | 00 |
| By cash debt paid by Hogan to Kimper Bros............................ | 93 | 52 |
| By cash debt paid by Hogan to J. H. Decker.......................... | 148 | 32 |
| By cash livery paid by Hogan to Fagan and Fielder..................... | 10 | 00 |
| By cash paid by Hogan to Holmes, Duker & Co..................... | 6 | 00 |
| By cash paid by Hogan to Bird Moore. | 3 | 00 |
| By cash paid by Hogan to J. L. Frost. | 17 | 25 |

$13,814 69

Balance due Hogan from firm........ $133 49

" W. J. Dale, in account with Hogan and Dale

Dr.

To amount partnership funds received. $388 90

Cr

By cash paid by Dale for building livery barn................ ... $71 00

Balance due firm from Dale.......... $317 90

" James Hogan, in account with W. J. Dale.

Dr.

To amount due on Huston settlement $281 31

Interest from January 25, 1884.... 87 50

$369 81

Dale v. Hogan.

|  |  | Cr. |
|---|---|---|
| By one-half due from Dale to firm ($317.90)...................... | $158 95 | |
| By one-half due Hogan from firm ($133.40) .................. ... | 66 75 | $225 70 |

Balance due Dale.................      $144 11"

The plaintiff's evidence tended to prove that, during the existence of the partnership, the defendant loaned the firm's money to various persons, and collected interest therefor. The defendant kept no interest account, and he was unable to give any definite information on the subject. The referee charged him with two hundred and fifty dollars interest. If the referee had to "guess" at the amount of interest received, as now claimed by defendant, the latter can only blame himself for such disposition of the question. We think the estimate made by the referee was very moderate, and the defendant has no just ground of complaint on that score.

The referee reported that the evidence taken by him concerning the firm's transactions in the livery business was so indefinite, that it was impossible for him to adjust these matters on a satisfactory or intelligent basis. The plaintiff's evidence tended to show, but in a very vague manner, that the firm made money in the livery business. This testimony was not based on the personal knowledge of the witnesses, but upon their opinions, formed from their general knowledge of the probable daily receipts and expenditures. On the other hand the defendant testified that the livery stable lost money, and that he contributed, of his private funds, several hundred dollars toward the payment of its losses; but he failed to substantiate this statement, either by the books which were kept by him, or by other satisfactory evidence. Under this state of the evidence, it is quite evident that the referee could not extend his

investigations further than he actually carried them, and neither party has any right to complain of his failure to do so.

It was admitted by both parties that one Huston made a settlement between them of all business matters up to January 25, 1884, and the referee's investigations were confined to subsequent matters. It was also admitted that, by this settlement, it was ascertained that the defendant had in his hands the sum of two hundred and eighty-two dollars and thirty-one cents, but whether he owed this amount to the firm or to plaintiff was a controverted question. The referee found that the balance was due to plaintiff, and in this finding we think he was right. There are some minor items of which the defendant complains, but we are satisfied with the account as stated by us, and we think that the plaintiff ought to have a judgment for the balance shown to be due him.

The judgment of the circuit court will therefore be reversed and the cause remanded with instructions to enter judgment for the plaintiff for the sum of one hundred and forty-four dollars and eleven cents, with six per cent. interest added from the twenty-seventh day of May, 1889. All the judges concurring, it is so ordered.