EDWARDS v. BATES COUNTY.

(Circuit Court, W. D. Missouri, W. D. April 24, 1893.)

1. CIRCUIT COURTS—JURISDICTION—MATTER IN DISPUTE—SIMULATED CLAIM.

In November, 1889, E. commenced suit in the circuit court against a county on two bonds for $1,000, and the interest coupons for the period 1880 to 1886. On demurrer it was held that the court had no jurisdiction, as the amount involved did not exceed $2,000, exclusive of interest and costs. Afterwards, but before dismissal of this cause, E. commenced suit on the same coupons, and also on coupons which matured prior to 1880. On demurrer to the petition in E.'s suit, it was held that the statute of limitations barred the cause of action on the coupons maturing prior to 1880. Without dismissing that suit, E. commenced a new suit on the same bonds, and all the coupons from 1873 to 1886; and in addition thereto on seven funding bonds of the county for $100 each, dated October 1, 1885, and not maturing on their face until 1905. By condition in the funding bonds, the county reserved the right to redeem them at any time after five years from their date, and it was provided that, if not presented within 30 days after notice by the county of its election to redeem, the bonds should cease to bear interest, and should be payable on presentment to the county treasurer. Notice to redeem was given, but the plaintiff did not present his bonds for payment within 30 days. *Held*, that it was apparent that suit was brought on the funding bonds solely for the purpose of increasing the amount in suit beyond $2,000, and, as there was no real controversy between them, the court had no jurisdiction.

2. RES ADJUDICATA—JUDGMENT ON DEMURRER TO PETITION—STATUTE OF LIMITATIONS.

Where judgment for the defendant is given on a demurrer to the petition, in an action on the coupons of county bonds, on the ground that the cause of action on the coupons is barred by the statute of limitations, such judgment is res adjudicata between the parties, in a second suit on the bonds, in which judgment is also demanded for the amount of the coupons.

3. LIMITATION OF ACTIONS—ACKNOWLEDGMENT OF DEBT—UNACCEPTED OFFER.

In an action on the coupons of county bonds, an offer by the county, within the statutory period of limitation, to compromise its bonds at a specified percentage, which was declined by the holders of the bonds in suit, although accepted by the holders of all of its other bonds, is not a promise to pay or an acknowledgment of the debt which will interrupt the running of the statute of limitations.

At Law. Action by James C. Edwards against Bates county on certain of the bonds of the defendant county, and the interest coupons thereof.

Thomas K. Skinker, for plaintiff.
Gates & Wallace, for defendant.

PHILIPS, District Judge. This is a plea to the jurisdiction of the court. A brief recital of the history of this case will decide it. On November 13, 1889, one Norman De V. Howard, through his attorney, Thomas K. Skinker, Esq., instituted suit in this court (Case

No. 1,575) against the defendant county on two bonds issued by the county on account of Mt. Pleasant township. Said bonds were numbered 33 and 35, for $1,000 each, with interest coupons thereto attached maturing for the years, respectively, 1880, 1881, 1882, 1883, 1884, 1885, 1886. A demurrer was sustained to this petition, September 1, 1890, on the ground that this court did not have jurisdiction, for the reason that the amount involved did not exceed $2,000, exclusive of interest and costs. See Howard v. Bates Co., 43 Fed. Rep. 276.

On January 16, 1891, the plaintiff herein, James C. Edwards, by the same attorney, instituted suit in this court (Case No. 1,666) against the defendant on the same coupons which were embraced in the said Howard suit, and on other coupons attached to the same bonds, which matured anterior to January 1, 1880. This suit was brought after the demurrer in the Howard Case was sustained, and without any dismissal of said suit in favor of Howard. On March 2, 1891, said suit of Howard was formally dismissed. The defendant demurred to the petition in the said suit of Edwards, (No. 1,666,) which demurrer was by the court sustained as to all of said coupons sued on which matured up to January 1, 1880, for the reason that the cause of action thereon was barred by the statute of limitations.

Without dismissing said case, (No. 1,666,) the plaintiff on October 15, 1891, brought the present suit, (No. 1,758,) in which he includes said bonds numbered 33 and 35, sued on as aforesaid by said Howard, and all the coupons thereto attached from 1873 to 1886, inclusive, and in addition thereto seven funding bonds of the defendant county on account of said township for $100 each, dated October 1, 1885, and not maturing on their face until October 1, 1905.

By a condition indorsed on said funded bonds, the defendant county, on behalf of said township, reserved the right, at its option, to redeem said bonds at any time after five years from the 1st day of October, 1885; with the provision that, in case of the redemption of such bond or bonds before maturity, all interest not then earned or matured should be forfeited. Provision was made in said condition for the giving of notice of such election as to the time and place for the presentation of said bonds for redemption. Among other provisions, said condition contained the following:

"If any bonds be not presented as required in such notice, or within thirty (30) days after the date therein fixed, interest thereon shall cease from said date, but said bond with interest coupons to said date shall be payable upon presentment at the office of the treasurer of Bates county at any time thereafter."

Conformably to this provision, the defendant gave the required notice that it would redeem said bonds at the State Bank, of St. Louis, Mo., on the 1st day of July, 1891, or within 30 days thereafter, and that, if said bonds were not so presented for payment, they would cease to bear interest, and would be paid upon presentment at the office of the treasurer of the defendant county. The defendant had the required money for the redemption of said bonds

at the designated place, and at the time specified, and also had and has kept the requisite money for such special purpose in the county treasury of said county. But the holder of said bonds neither presented the same for redemption at the said bank in St. Louis, nor to the treasurer of the county.

Without the aid of said funded bonds, the plaintiff unquestionably would have no standing in this court, for want of jurisdiction. In Howard v. Bates Co., supra, it was held that the coupons attached to said bonds were for interest inhering to the principal sum, and, as the two bonds 33 and 35 only call for the aggregate principal sum of $2,000, the said matter in dispute thereon does not exceed $2,000; exclusive of interest and costs.

It must likewise be conceded that the judgment on the demurrer to plaintiff's prior action, No. 1,666, as to the coupons barred by the statute of limitations, is res adjudicata between the same parties. 1 Herm. Estop. pars. 107–111, 273, 274; Bissell v. Spring Val. Tp., 124 U. S. 225, 8 Sup. Ct. Rep. 495; Gould v. Railroad Co., 91 U. S. 526; Louis v. Brown Tp., 109 U. S. 162, 3 Sup. Ct. Rep. 92; Nesbit v. Independent Dist., (decided April 18, 1892,) 12 Sup. Ct. Rep. 746; Price v. Bonnifield, 2 Wyo. 80.

The plaintiff undertakes to save the coupons, from 1875 to 1880, on said bonds 33 and 35, from the statute of limitations, by alleging in his reply an acknowledgment by defendant of the debt within the preceding 10 years. It, perhaps, might be sufficient to say of this that, where the plaintiff relies upon a fact dehors the written instrument, to exempt the action from the operation of the statute of limitations, he should plead it in the petition, as otherwise the petition would be demurrable on its face. Keeton v. Keeton, 20 Mo. 530. But waiving this, the fact relied upon is not sufficient. It is that the defendant within the 10 years made an offer to compromise said bonds at a given per cent. This offer was declined by the holders of these two bonds, while all the others accepted the offer. An offer to compromise, unaccepted, cannot be made the basis of a promise to pay, so as to stop the running of the statute of limitations. Chambers v. Rubey, 47 Mo. 99. It cannot even be admitted in evidence. Cook v. Insurance Co., 70 Mo. 615; Smith v. Shell, 82 Mo. 220; Railroad Co. v. Farrell, 76 Mo. 190.

Clearly, therefore, unless the plaintiff has a right to judgment on the bonds 33 and 35, he has no footing in this court. His possession of those bonds, if he holds them, excites grave suspicion, under all the facts and circumstances before the court. When his first suit was brought, the bonds 33 and 35 were presumably in the possession of Howard, or his attorney in said case No. 1,575. Not until after the demurrer was sustained to so many of the coupons in the suit No. 1,666 as brought the amount in dispute below the jurisdiction of this court does he appear claiming ownership of said bonds 33 and 35. The bonds were then past due, and the prior holder of them had been turned out of this court for the want of jurisdiction over them. How this plaintiff obtained them, and for what purpose, are unexplained, except by the records in evidence. When the fact, of which this court will take judicial

cognizance, is recalled, that under existing rulings of the supreme court of the state no action can be maintained on said bonds, for the reason that that court now holds the act of the legislature, under which the bonds were issued, unconstitutional and void, whereas the supreme court of the United States holds that said bonds (when of jurisdictional amount) may be recovered on in this jurisdiction, on the ground that at the time of their issue and going into circulation as commercial paper the validity of said act was affirmed by the supreme court of the state, it at once becomes apparent why the holder of these two bonds is struggling to obtain a standing in this court. It, therefore, becomes the duty of the court to scan this transaction with close scrutiny. The act of March 3, 1887, confers jurisdiction on this court only when "the matter in dispute * * * exceeds the sum or value of $2,000, exclusive of interest and costs." And by section 5 of the act of 1875, which is continued in force, it is provided that "if, in any suit commenced in the circuit court, it shall appear to the satisfaction of said court, at any time after suit has been brought, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly and collusively made * * * for the purpose of creating a cause cognizable by the said circuit court, said court shall proceed no further therein, but shall dismiss the suit." It is the matter in dispute which controls the question of jurisdiction. Parties cannot make up feigned or simulated matters of controversy to give jurisdiction, nor confer jurisdiction by merely claiming a sum, eo nomine, above $2,000, when in fact the true amount in dispute is less. "It is undoubtedly true that, until it is in some way shown by the record that the sum demanded is not the matter in dispute, that sum will govern in all questions of jurisdiction, but it is equally true that, when it is shown that the sum demanded is not the real matter in dispute, the sum shown, and not the sum demanded, will prevail." Hilton v. Dickinson, 108 U. S. 166, 2 Sup. Ct. Rep. 424. In determining this question, the court will look at the whole record. So in Tintsman v. Bank, 100 U. S. 6, it was held that, where the only controversy was as to the liability of the defendant for the difference between what he admitted was due and what the plaintiff claimed, this difference was the amount actually in dispute, and determined the question of jurisdiction. It may be conceded to plaintiff that where it is necessary for the plaintiff to bring the defendant into court, in order to obtain from him an admission as to the amount of plaintiff's claim, although the remainder not admitted may be less than $2,000, it will invite the jurisdiction of the court. Such was the case of Fuller v. Insurance Co., 37 Fed. Rep. 163. At the time of the institution of this suit there was no matter in dispute between plaintiff and defendant as to the funded bonds. The defendant, in the exercise of the option secured to it by the contract, in the form of a condition indorsed on the bond, had a right to redeem the bonds before their maturity, on giving notice, and providing the funds necessary for redemption at the given time and place.

This the defendant did, and still holds the money in readiness therefor. That act of the defendant stopped the running of interest thereafter; and all the plaintiff had to do to get his money on said bonds was to present them for payment. Can he, therefore, for the mere purpose of making a dispute where none exists, and in order to bring into this court for adjudication said bonds 33 and 35, which are probably the property of some other person, create a jurisdictional dispute? Why should this plaintiff lose the interest on his seven funded bonds from the time of making that deposit for the redemption in 1891, and hire a lawyer, and provoke unnecessary litigation and costs on account thereof, when all he had to do, or now has to do, to obtain payment, was and is to present said funded bonds to the treasurer of the defendant county? If such a state of facts be not sufficient to satisfy the court that the real and only matter in dispute is the bonds 33 and 35, and the interest thereon, it does seem to me it would contradict what Judge Story once said, "One cannot wink so hard as not to see." If the holder of the bonds numbered 33 and 35, under this ruling, finds himself without a remedy, he will at least have learned the lesson of the moral to the fable of the fox, whose greed of appetite cost him his life.

The plea to the jurisdiction is sustained.