EDWARDS v. BATES COUNTY.

(Circuit Court, W. D. Missouri. W. D. February 27, 1897.)

PLEADING AT LAW—MISSOURI CODE—AMENDED ANSWER.

In an action at law in a federal court in Missouri, the defendant, in an answer entitled a "plea to the jurisdiction," set up, besides the want of jurisdiction, certain defenses on the merits. The court, without considering these defenses, dismissed the suit for lack of jurisdiction. This judgment was reversed by the supreme court, and the case remanded "for further proceedings in conformity to law." *Held* that, under the Missouri Code, it was thereafter in the discretion of the court below to permit the filing of an amended answer responsive to the issues tendered by the petition, and embracing, in substance, matters contained in the original answer, minus the plea to the jurisdiction.

This was an action at law by James C. Edwards against Bates county, Mo., to recover upon certain funding bonds. The cause

was heard on a motion to strike out the amended answer, and for judgment for the sum demanded in the petition.

J. K. Skinker, for plaintiff.
Gates & Wallace, for defendant.

PHILIPS, District Judge. On the hearing of this case on the original pleadings, this court held it had not jurisdiction over the subject-matter of the suit, for the reason that the real amount in controversy did not exceed the sum of $2,000, exclusive of interest and costs, and thereupon dismissed the action. 55 Fed. 436. From this judgment the plaintiff appealed to the supreme court, where the judgment was reversed; that court holding that on the face of the pleadings this court had jurisdiction over the subject-matter. 163 U. S. 269, 16 Sup. Ct. 967. After remand, the defendant, on leave of the court, filed an amended answer; and the plaintiff has filed a motion to strike out the amended answer, and for judgment for the sum demanded in the petition. This motion is predicated of the contention of plaintiff's counsel that under the Code of Practice of the state there is contemplated but one answer on the part of the defendant, in which may be embraced all matters in abatement, as well as of defense to the merits, and that where the defendant has interposed in the answer the defense of want of jurisdiction over the subject-matter, and that defense is decided adversely to the defendant, the right thereafter to plead to the merits of the cause of action is gone, and the plaintiff, without more, is entitled to judgment as for want of answer. It is to be conceded that under the Missouri Code of Practice it is competent for the defendant in his answer to conjoin a plea in abatement with matters of defense to the merits. And it may, for the purpose of this case, be further conceded that, where the defendant relies upon both characters of defense, he should unite them in one answer. Little v. Harrington, 71 Mo. 390; Cohn v. Lehman, 93 Mo. 582, 6 S. W. 267; Christian v. Williams. 111 Mo. 443, 20 S. W. 96; McIntire v. Calhoun, 27 Mo. App. 513. And I may go further, and say that where the answer interposes only the defense of a plea to the jurisdiction, and on trial this plea is not sustained, it might not be reversible error should the trial court refuse thereafter leave to defendant to interpose a plea to the merits. But, as applied to the facts of a case situated as the one at bar, I do not understand that, after the issue of abatement has been found for the plaintiff, it is not competent, under the Missouri Code, to allow the defendant to file an amended answer to the merits, where the original answer, in addition to the plea to the jurisdiction, contained also matter of defense to the merits. The original answer distinctly pleaded, inter alia:

"That the plaintiff's petition does not state facts sufficient to constitute a cause of action against the defendant upon the coupons mentioned therein, which are alleged to have matured on the 18th days of January of the years 1873, 1874, 1875, 1876, 1877, 1878, 1879, 1880, for the reason that it appears upon the face of the said petition that any right of action upon the said coupons is barred by the statute of limitation of the state of Missouri."

The answer further said that:

"The defendant alleges that the funding bonds sued on herein, and described in the plaintiff's petition, are not yet due and payable, and will not be due until the 1st day of October, 1905, as the terms of said bond will show."

The answer then proceeded to set out the terms and conditions on which the bonds sued on were issued by the defendant county; showing that defendant, in conformity therewith, exercised its option to call in and pay off said bonds, of which it gave the required notice, and provided the funds therefor at the place designated in the contract, and that, by reason of the failure of the holder of the bonds to so present them and accept payment thereof, the plaintiff's right of action had not accrued to sue for the principal of said bonds, as the bonds did not otherwise mature until the year 1905. And as a consequence of the facts alleged, if found to be true, the interest sought by the petition to be recovered on the bonds would cease from the date when the defendant made the tender conformably to the provisions of the contract, if not receded from. These issues tendered by the answer were not adjudicated by the court, for the reason that it held the plea to the jurisdiction well taken. This, too, was the only matter passed upon by the supreme court. It is true that defendant's attorney entitled his answer a "plea to the jurisdiction." But, under the spirit of the Code, the courts look to substance, rather than form, and seek to administer justice on the facts pleaded and established, rather than the conclusions drawn therefrom by the pleader. The Code of Civil Procedure (section 2074) declares that:

"In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties."

Had this court ruled against the defendant on the plea to the jurisdiction, it should have proceeded to pass upon the other issues tendered by the answer. The judgment heretofore rendered by this court shows that it went solely to the plea to the jurisdiction. And the mandate of the supreme court is that:

"It is now here ordered and adjudged by this court that the judgment of the said circuit court in this cause be, and the same is, hereby reversed. * * * And it is further ordered that this cause be, and the same is hereby, remanded to the said circuit court, with directions to set aside the order dismissing the action for want of jurisdiction, and for further proceedings in conformity to law."

The legal attitude of the case thereafter is the same as if the original answer had contained alone the substance of the allegations touching the merits which had never been tried. Before the same was set down for trial the defendant, on leave of the court, filed an amended answer, pleading the matters aforesaid to the merits, and further tendering the general issue as to other material allegations of the petition not expressly admitted to be true in the original answer, with some affirmative allegations germane to and in contravention of the averments of the petition. By express provisions of the Code of Civil Procedure (section 2104), it is provided that:

"The party may be allowed on motion to file an amended or supplemental petition, answer or reply, alleging facts material to the cause or praying for any other or different relief, order or judgment."

The supreme court of the state has held, under this statute, that a defendant at any time may abandon any defense or part thereof set up in his answer. Institution v. Forbes, 52 Mo. 201; Elliott v. Secor, 60 Mo. 163. The only limitations the courts of this state have ever imposed upon the exercise of the discretion of a trial court in allowing amended or supplemental answers under the Code is that it shall not contradict material admissions of a former answer, nor work a hurtful surprise to the plaintiff, nor operate to unduly delay the cause, or show intolerable laches, such as the court should discourage, nor otherwise thereby unduly prejudice the cause of the plaintiff. The amended answer in this case goes to matters within the terms of the issues tendered by the petition, and embraces, in substance, matters contained in the original answer, minus the plea to the jurisdiction. It is not necessary that the court should here say that all the matters set up in the amended answer are permissible, or constitute a valid defense. The motion goes to the whole answer, and in my judgment, for the reasons assigned, is not tenable, and the same is overruled.