MASON RAINES, Respondent, v. JOHN LUMPEE &
COMPANY, Appellants.

Kansas City Court of Appeals, April 24, 1899.

1. **Appellate and Trial Practice**: REFERENCE: LONG ACCOUNT:
REVIEW OF REFEREE'S REPORT.   Where a cause is compulsorily re-
ferable, as in the case of a long account, the trial court may examine
the evidence without being bound by the finding of the referee, and
the appellate court may do likewise without being bound by either.

2. **Trial Practice**: REVIEWING REPORT OF REFEREE: DUTY OF TRIAL
COURT. The trial court affirmed a referee's report except certain
designated items on which it made no finding but left them open for
future litigation. Held, error, as the trial court should have made
a final disposal of the whole case or made a re-reference.

*Appeal from the Morgan Circuit Court.*—HON. D. W.
SHACKLEFORD, Judge.

REVERSED AND REMANDED.

B. R. RICHARDSON and WM. FORMAN for appellants.

The court erred in not passing on the whole report of the
referee.    The parties to the suit were entitled to have all
these differences settled in one action without resorting to an-
other action to ascertain as to whom credit should be given for
rafts 2, 4 and 7 upon which the court refused to pass.    The
court must either accept the findings by the referee or set them
aside altogether.    Lingenfelder v. Brewing Co., 103 Mo. 578.

A. L. Ross for respondent.

The finding of the referee is to be taken as a special ver-
dict, and an exception based on want of evidence must be over-
ruled if there is any substantial evidence to support it.    Vogt,
v. Butler, 105 Mo. 479; Ferry Co. v. Railroad, 73 Mo. 389;
McCreery v. Ellis, 60 Mo. App. 145; Berthold v. O'Hara, 121
Mo. 97.

ELLISON, J.—Defendants are merchants conducting
a store of general merchandise and dealt also in railroad ties.
They had a contract with a partnership known as Harvey &
Franklin, whereby they were to furnish ties to the latter at
agreed prices.    Defendants then contracted with plaintiff to
furnish ties to Harvey & Franklin.    Many of them were taken
to the Osage river and floated to destination.    It may be said
for the purposes of this case that they sublet their contract.

Raines v. Lumpee & Co.

to plaintiff; it being understood that plaintiff would give orders on them for the payment of the ties to the different parties from whom he purchased. These orders were filled by defendants in the sale of goods to the parties, or in cash, or in both. The plaintiff has brought this action claiming there was a balance due him, which defendants dispute. The matter involves a long accounting covering a long list of items, charges and credits. The case is of such nature that the trial court had a right under the terms of section 2138, Revised Statutes 1889, to order a reference to a referee without regard to the wishes of the litigants. In such case the trial court may examine the evidence reported without being bound by the finding of the referee. Caruth v. Wolter, 91 Mo. 484; Tobacco Co. v. Walker, 123 Mo. 662; Bissell v. Warde, 129 Mo. 439. And this court may do so without being bound by either.

*APPELLATE and trial practice: reference. long account: review of referee's report.*

The case was therefore referred by the court notwithstanding defendants' objections thereto. The referee heard much testimony and made his finding in plaintiff's favor for the sum of $626.65. The circuit court confirmed the report "except as to rafts 2, 4 and 7 upon which the court makes no finding because the evidence is incomplete. And these three rafts are left out of consideration, and open to determination by any court of competent jurisdiction before which the same may come for adjudication."

We are of the opinion that the trial court should have made a finding on these items, or else have re-referred the matter. If the evidence was incomplete then a finding might have been made against him whose duty it was to make it complete, against him upon whom the onus was. But neither of these courses was pursued and we have a case before us on appeal, a part of which has not been passed upon by the trial court. The trial court is not under the necessity of adopting or rejecting the referee's

*TRIAL practice: reviewing report of referee: duty of trial court.*

report as a whole. It may be modified. Smith v. Paris, 70 Mo. 615. Or an entirely different result may be reached. O'Neill v. Capelle, 62 Mo. 202. But it is the duty of the court in making final disposition of the case to pass on the whole of it and not put the parties to the inconvenience and cost of an independent suit on the same matter, since there can be no assurance that the same indefiniteness will not again occur.

The judgment will be reversed and the cause remanded. All concur.