LITTLE v. HARRINGTON *et at., Appellants.*

1. **Parties to Action.** One of two joint owners of goods cannot sue alone for their conversion.

2. **Rule that Plea in bar Waives Dilatory Pleas, Changed by Statute:** NON-JOINDER OF PARTIES. Sections 4 and 13, article 5 of the practice act, (Wag. Stat., pp. 1014, 1016; R. S. 1879, §§ 3513, 3522,) have had the effect of doing away with the common law rule that a plea in bar waives all dilatory pleas, or pleas not going to the merits. A plea of non-joinder of parties plaintiff, therefore, may now be united in the same answer with matter in bar of the action. (Overruling *Rippstein v. Insurance Company,* 57 Mo. 86, and *Fordyce v. Hathorn,* 57 Mo. 120.)

*Appeal from Lawrence Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED.

*Ewing & Hough* and *G. H. Walser* for appellants.

*E. Buller* and *Jere Cravens* for respondent.

SHERWOOD, C. J.—Winkle, who, on plaintiff's theory, was a joint owner with him of the goods for the conver-

1. PARTIES TO AC-TION. sion of which this suit is brought, should have been joined as co-plaintiff. 1 Chitty's Plead., 75; Whittelsey's Mo. Prac., 113; 1 Nash Plead. & Prac., 43, 45; R. S. 1879, § 3466.

Under our code, as the plaintiff sued as the sole owner of the goods, and as the objection could not be taken by

2. RULE THAT PLEA IN BAR WAIVES DILATORY PLEAS, CHANGED BY STAT-UTE: non-joinder of parties. demurrer, it only remained for the defendants to interpose such objections by answer; this they did, and in this it is quite clear from the authorities cited that they should have been successful and the plaintiff should have been compelled to amend before proceeding further with his suit; and it was competent for the defendants, in connection with other matters in the same answer, to plead the non-joinder of Winkle as co-plaintiff. The statute expressly says that "the only pleading on the part of the defendant, is either a demurrer or an answer." 2 Wag. Stat., p. 1014, § 4. And with the same degree of explicitness, it is provided that "the defendant may set forth by answer as many defenses and counter-claims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both." Ib., 1016, § 13. It is evident from these statutory provisions, that only *one* answer is contemplated, and this to contain whatever defense or defenses the defendant may have, thus dispensing with the common law rule that a plea in bar waives all dilatory pleas, or pleas not going to the merits. Upon this point Judge Bliss, in his recent

work, very justly and pertinently observes: "Matter in abatement is as much a defense to the pending action as matter in bar, and to say that the defendant may reserve the latter until a trial shall have been had upon the issues, in regard to the former, would interpolate what is not in the statute; would be inconsistent with its plain and simple requirements." Bliss Code Plead., § 345. A different view of this subject was at first taken in New York, from the code of which our own is derived, but subsequent adjudications have overruled former ones, and announced and enforced statutory rules. The same course of judicial decision now prevails in Indiana, and prior decisions at variance with it have been held incorrect. Ibid., and cases cited. In this state the common law rule before adverted to has been announced. *Rippstein v. Insurance Co.*, 57 Mo. 86; *Fordyce v. Hathorn*, 57 Mo. 120. But in neither of these cases are the provisions of the code above referred to, alluded to or discussed, but the case of *Cannon v. McManus*, 17 Mo. 345, is relied on as authority, a case which originated by attachment and in which the statute authorizing attachment suits. expressly permits the defendant to file a plea in the nature of a plea in abatement. As the result of these views the judgment should be reversed and the cause remanded. All concur.