J. W. THOMASSON v. MERCANTILE TOWN MUTUAL INSURANCE COMPANY, Appellant.

Division Two, March 9, 1909.

1. SERVICE OF SUMMONS: Town Mutual Insurance Company: Insufficient. In a suit on an insurance policy issued by a town insurance company, where the statute requires the service to be "on the president or secretary, or other chief officer in charge of the principal office of such company," a return which recites that the service was on "J. W. Daugherty, secretary of the defendant corporation, he being in said defendant's usual business

office and in charge thereof" and that "the president or other chief officer of said defendant could not be found," is not a sufficient service, and does not give jurisdiction over the person of defendant, and if it appears specially for that purpose only and moves the court to quash the service as insufficient, it should be quashed.

2. ————: ————: ————: Waiver: One Answer: No Separate Motion. Where the court has jurisdiction over the subject-matter, and under the law over such corporations as defendant, but not over the particular defendant because of defective return of service of process, the filing of an answer in which there is a plea in abatement based on such defective return and also a general denial, waives the defective service. The statute contemplates but one answer, which must include all defenses. But a plea to the jurisdiction over defendant's person has no place in the answer, but should be raised by a motion to quash, and if that motion is overruled defendant's only remedy is to abide the ruling and appeal. If he files no motion to quash, but in its stead files an answer in which he couples a plea in abatement with a general denial, he waives the plea to the jurisdiction over his person, where by law the court is given jurisdiction over the class of defendants to which he belongs. [Following Newcomb v. Railroad, 182 Mo. l. c. 707, and distinguishing Meyer v. Insurance Co., 184 Mo. 481.]

3. PLEADING: Defective Petition: After Verdict: Insurance: Place of Goods. A petition which defectively states a good cause of action, and does not entirely fail to state a cause of action, is good after verdict, even though it might have been subject to demurrer had one been timely filed. So that where plaintiff brought suit on an insurance policy issued by defendant, and specifically alleged the location of the barn to be on a certain section in Dunklin county, and then alleged that defendant insured plaintiff against damage or loss by fire "to the amount of $400 upon the grain and hay therein, and to the amount of $100 upon the farm utensils therein," and that on a certain day "while said policy was in force said barn, hay and grain and farm utensils were totally destroyed by fire," the petition is not fatally defective because it did not pointedly allege that the grain, hay and farm utensils were in Dunklin county or that they were destroyed while situated in said barn. At most it was only a defective statement of a good cause of action, and the material matter if not expressly averred is necessarily implied.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*N. T. Gentry, amicus curiae.*

(1)  Appellant insists that the trial court did not have jurisdiction over the person of defendant, because of the defect in the sheriff's return.  Counsel for respondent insist, however, that the "principal office" contemplated by Sec. 8092, R. S. 1899, is the same as the "usual office," which the sheriff certifies was the place where he served the summons on J. W. Daugherty, secretary of defendant corporation.  If defendant had its principal office at a certain place, surely then that place was its usual office.  In other words, principal and usual are synonymous when they refer to one's business office.  Defendant's principal business office was its usual business office, and *vice versa*.  Thomasson v. Ins. Co., 89 S. W. (Mo. App.) 564; Taussig v. Railroad, 186 Mo. 180.  Appellant's contention that a summons cannot be served by any one except the sheriff himself can hardly be taken seriously.  Many conditions may arise, the sickness or absence of the sheriff, or the press of business, and it will be important, yea, absolutely necessary, for one of his deputies to serve such a paper.  It is no stretch of imagination to consider that such a condition of affairs may exist, especially in a city like St. Louis.  Hence, our statute was enacted, which provides for such a contingency.  When the deputy sheriff served this summons, he was then acting as sheriff; indeed, he was the acting sheriff, and possessed the same powers.  R. S. 1899, sec. 10043.  (2) But whether the sheriff's return to the summons was sufficient or not, defendant appeared on the first day of the term and filed an "answer."  The first count of this answer was a plea to the jurisdiction, and the second count was a general denial.  As was intimated by the learned trial judge in this case, "the defendant voluntarily put itself in court when it came in and pleaded to the merits of the cause."  Defendant did not

file a motion to quash the sheriff's return; but filed a paper, which it termed an "answer," and by this answer it denied all of the allegations contained in the petition. If defendant desired simply to raise a jurisdictional question, then its appearance and its motion should have been for that purpose, and that purpose only. A motion to quash the sheriff's return is one thing, while an answer is another and a different pleading. "The appearance, to be special, must be on jurisdictional grounds. If upon any other ground, it is a general appearance and gives the court jurisdiction." Works on Jurisdiction, secs. 13, 22 and 34; 34 Cyc. 511; Roy v. Merc. Co., 26 Pac. 996; Sheehan v. Simms, 36 Mo. App. 230; Speer v. Burlingame, 61 Mo. App. 83; Belden v.Wilkinson, 60 N. Y. Supp. 1083; Bailies on Code Pl., pp. 313, 314; Railroad v. Railroad, 63 N. Y. 181; Handy v. Ins. Co., 37 Ohio St. 366; Rowland v. Coyne, 55 Cal. 1; Printing Co. v. Budd, 2 Wash. 339; Gilbert v. Hall, 115 Ind. 551; Stevens v. Harris, 99 Mich. 233; Kronski v. Railroad, 77 Mo. 368; Delinger v. Giggins, 26 Mo. 183; Tower v. Moore, 52 Mo. 120; Newcomb v. Railroad, 182 Mo. 707.

GANTT, P. J.—This appeal has been certified to this court by the St. Louis Court of Appeals on account of a dissent of one of the judges of that court, in which he holds that the opinion of the majority of that court is in conflict with a decision of this court.

The action was begun in the circuit court of Dunklin county, April, 1903. The petition omitting the caption is as follows:

"Plaintiff for his cause of action states that defendant is, and was, at all times hereinafter mentioned, a corporation duly organized and existing under the laws of the State of Missouri, doing a fire insurance business, with right to sue and be sued as such corporation. Plaintiff further states that on

the first day of March, 1901, defendant made its policy
of insurance of that date, whereby in consideration
of the payment by plaintiff to defendant of the pre-
mium of forty dollars, defendant insured plaintiff
against loss or damage by fire to the amount of three
hundred dollars upon his barn, situated upon south
half of southeast quarter of section 18, township 20
north, range 10 east, in Dunklin county, Missouri, and
to the amount of four hundred dollars upon the hay
and grain therein, and to the amount of one hundred
dollars upon the farm utensils therein, from noon of
the first day of March, 1901, to noon of the first day
of March, 1904. Said policy is herewith filed and
marked 'Exhibit A.'

"Plaintiff further states that at the time of the
issuing of said policy, and at all times from said date
to the occurrence of the fire hereinafter mentioned,
plaintiff had an interest in all the property insured,
as owner thereof, to an amount in each case exceeding
the amount of the insurance on the barn, hay and
grain, and farm utensils respectively; and that on the
15th day of November, 1902, and while said policy was
in force, said barn, hay and grain, and farming uten-
sils, were totally destroyed by fire; that plaintiff duly
performed all of the conditions required of him by
the terms of said policy, and in due time after the
fire, and more than ninety days before the commence-
ment of this action, to-wit, on or about the — day of
November, 1902, gave to the defendant due notice and
proof of the fire and loss aforesaid, and demanded
payment of the sum insured. But defendant has ever
failed and refused, and still fails and refuses, to pay.
Wherefore, plaintiff prays judgment for said sum of
eight hundred dollars, with interest thereon from the
— day of November, 1902.''

On this petition a writ of summons issued to the
sheriff of the city of St. Louis and was returnable to
the first Monday in May, 1903. Upon that summons

the following return was made: "Executed this writ in the city of St. Louis, Missouri, on the within named defendant, the Mercantile Town Mutual Insurance Company (a corporation), this 13th day of April, 1903, by delivering a copy of the writ and petition as furnished by the clerk to J. W. Daugherty, secretary of the defendant corporation, he béing in said defendant's *usual business* office and in charge thereof. The president or other chief officer of said defendant could not be found in the city of St. Louis at the time of service. Joseph F. Dickmann, Sheriff; By Wm. Cahill, Deputy."

At the return term of the writ the defendant filed the following answer:

"Defendant, appearing specially, by its attorneys, for the purpose of this answer and for no other purpose, avers that this court has no jurisdiction over the person of the defendant in this cause. Wherefore defendant prays that this action be abated and for its costs.

"2. Without waiving the aforesaid plea in abatement, defendant, appearing specially as aforesaid, for answer to the plaintiff's petition denies, generally, each and every allegation thereof."

The circuit court first heard the plea in abatement and found for the plaintiff and thereupon the defendant withdrew from further appearance in the cause. The court then proceeded to try the cause upon the petition and the second paragraph in the answer and rendered judgment for the plaintiff for the sum of $654 and costs.

At the same term the defendant filed its motion for new trial, which was heard and overruled and also a motion in arrest, which was overruled. Thereupon the cause was appealed to the St. Louis Court of Appeals. At the October term, 1905, the judgment of the circuit court was affirmed in the opinion by Judge Nortoni, in which Judge Goode concurred, and Judge

BLAND dissented on the ground that the majority opinion was in conflict with the opinion of this court in Meyer v. Insurance Co., 184 Mo. 1. c. 487. The bill of exceptions preserved none of the evidence. The jurisdiction of the circuit court is challenged both as to the jurisdiction over the person of the defendant by virtue of the service of the summons and as to the subject-matter on account of the alleged fatal defect in the petition.

I. It is insisted by the learned counsel for the defendant that the return on the summons was insufficient to give the court jurisdiction. The statute governing suits against Town Mutual Insurance Companies in section 8092, Revised Statutes 1899, provides that "suits may be instituted in the circuit court of any county in this State where the cause of action originated against any company operating under the provisions of this article or where such company has its principal office, and whenever any suit shall be so instituted against any such company, a certified copy of the original petition and summons shall be served on the president or secretary, or other chief officer in charge of the principal office of such company, by the acting sheriff of the county in which such company may have its principal office. If such company have its principal office in the city of St. Louis, then the acting sheriff of the city of St. Louis shall serve the process herein mentioned. And service when so made and proven by the return thereof, shall be deemed service on any company proceeded against." As already noted the cause of action in this case originated in Dunklin county. Service was had in the city of St. Louis presumedly because the principal office of the defendant was in that city. This fact, however, is not shown in the return, and it is perfectly plain, we think, as held by the Court of Appeals, that the return on the writ did not comply with the statute;

it merely shows a service on the secretary in charge of "the usual business office," and not upon the president, secretary or other chief officer in charge of the company's "principal office," and had the defendant appeared specially for that purpose only and moved to quash the service as insufficient, it should have been quashed. But instead of doing so, as will be seen by the statement, the defendant filed an answer in which it averred that the circuit court had no jurisdiction over the person of the defendant in this cause. And at the same time and in the same answer filed a general denial of all of the allegations of the petition.

Conceding that the service was insufficient, the contentions of the respective counsel are as follows: On the part of the defendant, it is insisted that it took advantage of this defective service in its plea to the jurisdiction and did not waive the same by filing in the same answer its general denial of the petition. That in our practice a plea in abatement is not waived by a plea in bar in the same answer, and the defendant is required to include all of his or its defenses in one answer. In support of this proposition it cites Little v. Harrington, 71 Mo. 390; Cohn v. Lehman, 93 Mo. 574, and various other cases in this court to the same effect.

In Little v. Harrington, it was held by this court that the statute contemplated but one answer, "and this to contain whatever defense or defenses the defendant may have, thus dispensing with the common-law rule that a plea in bar waives all dilatory pleas," and the rule laid down in Bliss on Code Pleading, section 345, that "matter in abatement is as much a defense to the pending action as matter in bar," was approved. It was also noted in that cause that the *dictum* in Moody v. Deutsch, 85 Mo. 237, was out of harmony with the previous decisions and disapproved.

On the contrary, the plaintiff insists that the facts of this case do not bring it within either of the cases cited by defendant, but that it falls within the principle announced by this court in Newcomb v. Railroad, 182 Mo. l. c. 707, in which this identical question was in judgment before this court, and it was there said: "The defendant could have made a special appearance for the purpose, and moved to quash the return for the insufficiency appearing on its face, and if the court had overruled the motion the defendant could have preserved its exception and have withdrawn, and if the court had then proceeded to render judgment for the plaintiff the judgment would have been reversed on appeal. But a plea to the merits is a general appearance and after that the character of the return is immaterial. There is no injustice in requiring a party, in a matter of procedure, to make his election and abide by his choice. Appellant says that under our system of pleading it was bound to include in one answer every matter of defense it had; therefore, it did not waive the plea to the jurisdiction by its plea to the merits. It is true that under our system a plea in abatement is not waived by a plea in bar in the same answer and the defendant must include all its defenses in one answer. But the insufficiency of this return was not a point to be presented by the plea at all; it was out of place in the answer. A question of jurisdiction may arise on the face of the return on the summons, or on the face of the petition, and by reason of some fact not appearing either in the return or in the petition. If it arises on the face of the return it is only a question of whether defendant had been properly served, that is met by a motion to quash the return; if it arises on the face of the petition, it is a question of law, and is met by a demurrer; if it arises from some fact that appears neither in the return nor in the petition, it is presented by a plea." Applying what was then said

by this court to the facts of this case, it must be held that when the defendant answered to the merits it waived the insufficiency of the return.

While we are entirely satisfied with the reasoning and conclusion reached by this court in the Newcomb case, we think it is in harmony with the law in other States upon this question. In Belden v. Wilkinson, 60 N. Y. Supp. 1083, the defendants demurred to the complaint upon the ground that the court had no jurisdiction of the person of the defendant, but the court said: "The objection that the court has no jurisdiction of the persons of the defendants does not mean that a proper service of the summons had not been made upon them; for such defect, if it exists, can only be taken advantage of on motion." Citing Nones v. Insurance Co., 8 Barb. 541. The last-mentioned case was a suit against a foreign corporation commenced by the service of a summons and complaint upon the president thereof not having any office or place of business in New York, but who happened to be within the State at the time of such service. The defendants put in an answer denying the jurisdiction of the court and alleged that by the service of the summons as aforesaid the court had not acquired jurisdiction over it. And the question presented was whether that was a sufficient answer, and the court said: "It will be observed that the answer is founded upon that section of the code which provides that where the court has no jurisdiction of the person of the defendant, the objection may be taken by answer. But the objection taken here is not that the court has no jurisdiction of the person of the defendant, but that the summons has been irregularly served. There is no question that this court has jurisdiction over a foreign as well as a domestic corporation. . . . The meaning of the section 'that the court has no jurisdiction of the person' is, that the person is not subject to the jurisdiction of the court, and not that

the suit has not been regularly commenced. If the suit has not been regularly commenced the defendant must relieve himself from such irregularity by motion."

So, in this case there can be no doubt that our statute expressly gives jurisdiction over the defendant company, provided, of course, that the proper process is issued and served upon it. And if the defendant desires to stand upon the insufficient service of the writ in this case, its remedy was to move specially to quash the same and if the motion was overruled then to withdraw from further appearance. But the defective service was waived by the general answer to the jurisdiction over its person. [Eddy v. Lafayette, 49 Fed. 809; Railroad v. Railroad, 63 N. Y. 176; Handy v. Insurance Co., 37 Ohio St. l. c. 370, 371; Gilbert v. Hall, 115 Ind. 549; Kronski v. Railroad, 77 Mo. 362.]

Without further elaboration we think the majority of the Court of Appeals properly held that the filing of an answer to the merits was a waiver of the objection to the service of the summons as laid down in Newcomb v. Railroad, supra.

II. But it is insisted that the circuit court of Dunklin county had no jurisdiction of the subject-matter of the action for the reason that in so far as the petition counted upon the insurance of the hay, grain and farm utensils it was fatally defective because it did not allege that those items were destroyed by fire in Dunklin county, which allegation was necessary to give the circuit court of that county jurisdiction over the subject-matter of those items. As held by the Court of Appeals, there can be no doubt that the want of jurisdiction of the court over the subject-matter of the action "may be taken advantage of at any time either in the trial or appellate court." [Parlin & Orendorff Co. v. Hord, 145 Mo. 117, and cases therein cited.] And this may be done notwithstanding no motion for new trial or in arrest was filed in the circuit

court. [Lilly v. Menke, 126 Mo. 190; McIntire v. Mc-Intire, 80 Mo. 470.] It seems to be conceded by learned counsel for the defendant that the petition was sufficient as to the allegation of the loss of the barn which was insured as being in Dunklin county, at least after verdict. Now recurring to the petition itself as to the personal property which was insured, it is alleged that the defendant insured plaintiff against loss or damage by fire to the amount of $300 upon his barn situated upon the south half of the southeast quarter of section 18, township 20, range 10, east, in Dunklin county, Missouri, and to the amount of $400 upon the hay and grain *therein,* and to the amount of $100 upon the farm utensils *therein,* etc. And it is then alleged "that on the 15th day of November, 1902, while said policy was in force, said barn, hay and grain and farming utensils were totally destroyed by fire." The point is that the petition should have contained a formal allegation to the effect that the personal property aforesaid was destroyed while situated in said barn in said county, or words to that effect, and in support of this contention counsel cite Todd v. Insurance Co., 1 Mo. App. 472, and Wright & Son v. Insurance Co., 73 Mo. App. 365.

The Todd case is easily distinguished in that the loss for which the suit was brought was of buffalo meat which Todd had shipped to a commission firm and the policy of that firm covered a stock of produce "their own, held by them in trust, on consignment, or sold but not delivered." And it was held that in as much as it nowhere appeared in the petition that the buffalo meat had ever gone into the insured building, or that the building itself had ever been burned, it was fatally defective. Whereas in this case, the hay and grain and farm utensils were all alleged to have been in the building at the time it was insured and then it is alleged that while the said policy was in

force the said barn, hay and grain and utensils were burned.

As to the Wright case, it is plain that the court did not rule that the petition in that case would not have been good after verdict, but Judge ELLISON merely cautioned counsel that as the case was to be reversed and remanded any way it should be amended so as to avoid the contention that it did not show that the goods were in the building when it was burned.

The petition in this case having shown the location of the personal property to be in the barn when insured and alleged its destruction by fire, every reasonable presumption and intendment should be indulged from the facts alleged, after verdict, and in aid thereof. At most all that can be urged against the petition is that it was a defective statement of a good cause of action and not an entire failure to state a cause of action. It does not follow that, because a petition is defective and subject to a general demurrer, it would be insufficient to sustain a verdict. On the contrary the well-settled rule, both at common law and under our code, is that if a material matter be not expressly averred in the petition, but the same is necessarily implied by what is stated in the context, the defect is cured after verdict, the doctrine resting on the presumption that plaintiff proved on the trial the facts imperfectly alleged, the existence of which was essential to his recovery. [People's Bank v. Scalzo, 127 Mo. l. c. 189, and cases there cited; sec. 672, R. S. 1899; Salmon Falls Bank v. Leyser, 116 Mo. 51, l. c. 73.] The defendant did not demur to the petition in this case and every presumption will be indulged that the evidence supplied the defective allegation and showed that the grain and hay and farming utensils were in the barn at the time it was burned.

217 Sup—32

It only remains to be added that in Meyer v. Insurance Co., 184 Mo. 481, when this court said the defendant can unite in the same pleading a plea to the jurisdiction as to the person, as well as to the subject-matter, with a plea to the merits, without waiving the question of jurisdiction, it meant no more than that the plea to the jurisdiction must be one in which the court had no jurisdiction of the person under the law and did not mean the mere insufficient service of a summons in a case in which the court had jurisdiction upon a proper service of the writ. That case is in entire harmony with the decision in Newcomb v. Railroad, 182 Mo. 707. It results that in our opinion the judgment of the circuit court should be and is affirmed. *Burgess* and *Fox, JJ.,* concur.