WICECARVER, Respondent, v. MERCANTILE TOWN MUTUAL INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, March 23, 1909.

1. JURISDICTION: Insurance Companies: County Where Cause of Action Originated. Under section 8092, Revised Statutes 1899, a cause of action against a town mutual insurance company may be brought in the county where the cause of action originates.

2. ———: ———: ———: Process. And in such case where the suit is instituted in a county other than that in which the company maintains its principal office, service may be had in the county where the company maintains its principal office by serving the president, secretary or other chief officer in charge of its *principal* office; service upon the company's secretary in its *"usual"* business office does not confer jurisdiction.

3. ———: Practice: Plea in Abatement: Waiver. A joinder in the same answer of a plea in abatement to the jurisdiction with a plea in bar does not waive the matters pleaded in abatement provided such matters do not appear upon the face of the proceedings.

4. ———: ———: ———: ———. But if the matters pleaded in abatement appear upon the face of the petition, the rule is otherwise, and where the jurisdiction of the person was shown to be wanting by the sheriff's return, the want of jurisdiction was waived by joining with a plea in abatement to the jurisdiction a plea in bar to the merits of the case, although the answer recited that the appearance was for the purpose of a plea in abatement only.

5. PRACTICE: Pleading: Petition Good After Verdict. In an action on an insurance policy where the petition alleged that the amount of the loss should be due and payable sixty days after the "ascertainment" thereof, but failed to allege that the loss was in fact ascertained, it was good after verdict.

6. ———: ———: Insurance: Notice of Loss. In an action on an insurance policy which alleged that the fire occurred on the 28th day of April, and on the 20th day of May thereafter the plaintiff gave notice thereof, where there was nothing

in the petition to show within what time notice of loss should be given, the court could not declare that on the allegation the notice was not given in a reasonable time, especially in view of the provisions of section 7979, Revised Statutes 1899.

Appeal from Bollinger Circuit Court.

AFFIRMED.

*Barclay & Fauntleroy* for appellant.

*Charles G. Revelle* for respondent.

(1)   The petition states a cause of action.   It is alleged that plaintiff duly performed and fulfilled all the conditions required of him by the terms of the policy, and in due time after the fire, and more than sixty days before the commencement of the action, to-wit, on the 20th day of May, in the year 1903, gave to defendant due notice and proof of the fire and loss, and demanded payment of the sum insured, but defendant has ever failed and refused, and still fails and refuses to pay.   Under this allegation a waiver of "ascertainment or adjustment" can be shown and no allegation concerning "ascertainment or adjustment" is necessary.   Andraus v. Insurance Co., 168 Mo. 166; McCullough v. Insurance Co., 113 Mo. 606; Murphy v. Insurance Co., 70 Mo. App. 78; Winn v. Insurance Co., 83 Mo. App. 78; Richardson v. Insurance Co., 57 Mo. 413; Kyle v. Insurance Co., 11 Mo. 278; Travis v. Insurance Co., 32 Mo. App. 198; Vining v. Insurance Co., 89 Mo. App. 311; R. S. 1899, sec. 634.   (2)   Notice and proof of loss on the 20th of May after the fire on the 28th of April was not unreasonable. This was a matter for the trial court to determine after hearing all of the testimony and there being no bill of exceptions, the appellant court can but defer to the verdict of the trial court.   The policy, according to the allegations in the petition, does not require the giving of immediate notice, hence reasonable notice is all that is required.   R. S. 1899, sec. 7977.   (3)   The terms "prin-

cipal business office," as used in the return and "principal office," as used in the statute are synonymous and can be used interchangeably. The statute governing such cases uses the following language, "Shall be served on the president or secretary, or other chief officer in charge of the principal office of such company." This certainly can contemplate only "principal business office." The principal office of any business corporation could be only a business office for the transaction of such business as belonged to the principal office, not a social rendezvous, etc. R. S. 1899, sec. 8092. (4) The writ of summons on which the return was made, as shown by the transcript filed, shows that the petition furnished the sheriff was a "certified copy of the petition." The sheriff's return shows ("delivering a copy of the writ and petition as furnished by the clerk"). Upon the whole it is certain to a common intent that the copy as defined in the return was a certified copy and this is sufficient. Dunham v. Wilfong, 69 Mo. 355; Davis v. Jacksonville Sou. Line., 126 Mo. 69; Jones v. Relfe, 3 Mo. 388. (5) Appellant's answer to the merits, in which it denied the execution of the policy, denied generally all allegations contained in the petition and demanded strict proof and verified by affidavit; its motion for new trial in which it urged that the verdict was excessive, that the court erred in admitting incompetent and irrelevant testimony, constitutes a general appearance and waives all defects in the return and jurisdiction over the person of appellant. Newcomb v. Railroad, 182 Mo. 608; Thompson v. Insurance Co. — Mo. App. — decided by this court; Pry v. Railroad, 73 Mo. 123; Kronske v. Railroad, 77 Mo. 362.

NORTONI, J.—This is a suit on a policy of fire insurance issued to the plaintiff by the defendant, a town mutual fire insurance company. Plaintiff recovered and defendant appeals.

The first question presented for consideration relates to the jurisdiction of the circuit court over the person of the defendant. The property insured was located in Bollinger county. Having been destroyed there by fire, the suit on the policy was instituted in the circuit court of that county. The defendant is a town mutual insurance company, organized and existing under the laws of this State with its principal office in the city of St. Louis. Our statute (sec. 8092, R. S. 1899, sec. 8092, Mo. Ann. St. 1906), touching the place for institution of suits against and the service of process upon town mutual insurance companies, provides that suit may be brought on a policy issued by such companies in the circuit court of any county in the State where the cause of action originated, or in the county where the company issuing the policy has its principal office. The suit was therefore properly instituted in Bollinger county, where the cause of action originated and the circuit court of that county was possessed of jurisdiction over the subject-matter thereof. As to the manner of acquiring jurisdiction over the person of the defendant, in those cases where the suit is instituted in a county other than that in which the company maintains its principal office, the same section of the statute provides substantially that whenever a suit is so instituted in a county other than that in which the company maintains its principal office, service may be had on the defendant by the acting sheriff of the county in which the company maintains its principal office, serving on the president, secretary, or other chief officer of such company in charge of its principal office, a certified copy of the original petition and summons in the cause. And if such company shall have its principal office in the city of St. Louis, then the acting sheriff of that city shall serve the process mentioned. The service being had as indicated, shall be deemed service on the company proceeded against. The process having been issued by the circuit court of Bollinger county, was transmitted to the acting sheriff of the city

of St. Louis for service. The return of the sheriff on this writ shows that instead of serving the same and a certified copy of the petition upon defendant's officer mentioned in charge of the principal office of the company, it was served upon or delivered to J. W. Daugherty, secretary of said defendant corporation in the defendant's *usual* business office and in charge thereof, in the city of St. Louis. In response to the service, defendant appeared in the circuit court and filed its answer to the petition. The first paragraph of the answer, after reciting that defendant appeared for that purpose solely, contains a plea in abatement to the jurisdiction of the court over the person of the defendant because service, as shown by the return, was insufficient to confer jurisdiction over the person of the defendant, and for that reason, prayed that the cause should be abated. In the same answer, in the second count thereof, the defendant answered to the merits of the action by its general denial, of all the allegations contained in the petition, and further, denied specifically that it had executed the policy of insurance sued upon. The court, after hearing the matter on the plea in abatement, overruled the same, whereupon defendant's counsel, after saving exceptions to the ruling of the court with the statement that they appeared for that purpose only, withdrew from further participation in the proceedings.

It is clear the sheriff's return failed to show the court had acquired jurisdiction of the person of the defendant. The statute required service to be had "upon the president or secretary or other chief officer in charge of the principal office of such company." Of course service upon Secretary Daugherty was sufficient, had the same been had while he was in charge of defendant's principal office. But the return recites that it was had upon Daugherty, the defendant's secretary, in charge of defendant's *usual* business office. The usual business office of the defendant in St. Louis may be a place other than its principal business office. The statute requires ser-

vice, if on the secretary, to be had upon him in charge of the principal office of the company and not while in charge of the usual business office thereof. The identical question here involved was so ruled in Thomasson v. Mer. Town Mut. Ins. Co., 217 Mo. 485. Also by this court, Thomasson v. Mer. Town Mut. Ins. Co., 114 Mo. App. 109. It therefore appears from the face of the return the circuit court was without jurisdiction over the person of the defendant. It would no doubt have so ruled had the sufficiency of the return been challenged by motion to quash the same. However, the defendant did not see fit to present the question on motion, but instead, sought to invoke it by a plea in abatement contained in the answer. The court was at liberty to disregard this matter entirely, when sought to be raised by answer in the form of a plea in abatement, for the reason it was a matter appearing on the face of the proceeding; that is, on the face of the return of the sheriff. However this may be, it appears from the face of the record the court was without jurisdiction over the person of defendant unless jurisdiction was conferred by its appearance to the merits of the cause. The court was evidently of the opinion that by failing to raise the question of jurisdiction over the person by motion to quash the return, the defendant waived the same by answering to the merits of the action, for upon the withdrawal of defendant at the ruling on the plea in abatement, the court proceeded with the hearing of the cause and gave judgment for the plaintiff. This action of the court was obviously on the theory that the defendant had waived the matter of jurisdiction over its person and voluntarily entered its appearance to the merits of the action. As stated, the answer contained a general denial of all the allegations contained in the petition and further specifically denied the execution of the policy. These were matters in bar and pertained to the merits of the controversy. As a general rule, an

answer to the merits operates a voluntary appearance. The defendant argues, however, that it was entirely competent for it to unite the plea to the jurisdiction of the court over the person of defendant in the same answer with the plea to the merits in bar, provided the two matters be separately stated in such a manner as to be intelligibly distinguished. [Sec. 605, R. S. 1899, sec. 605, Mo. Ann. St. 1906.] And it is said the case of Little v. Harrington, 71 Mo. 390, declares the rule that in view of our statutory provision, a joinder of a plea in bar in the same answer with a plea in abatement to the jurisdiction, shall not be regarded as a waiver of the matters pleaded in abatement, and therefore the jurisdiction over the person was not waived by the defendant's answer to the merits. We believe counsel have misinterpreted the case of Little v. Harrington, supra, and have not accurately deduced the proposition of law therefrom. Now in that case, the defect invoked by the special plea in the answer, did not appear on the face of the return, nor did it appear on the face of the petition. It was therefore incompetent to raise it by motion or demurrer. In other words, the defect complained of in the special defense was latent in the case, so far as the face of the record was concerned, and could only be made to appear upon the coming in of the proof. In such circumstances, of course it could only be raised by the answer. Our code (sec. 598, R. S. 1899, sec. 598, Mo. Ann. St. 1906) expressly provides that the defendant may demur to the petition when it appears on the face thereof that the court was without jurisdiction of the person of the defendant or of the subject of the action, or that the plaintiff has no legal capacity to sue, or that there is a defect of parties plaintiff or defendant, etc., etc. And we believe it is the policy of our code, that when defects of jurisdiction as to the person at least, appear on the face of the record, they should be challenged by proper motion in those cases where the demurrer is inappropriate. Little v. Harrington, supra, was a suit in conversion.

Winkle was a joint owner with the plaintiff of the goods alleged to have been converted. This fact did not appear on the face of the petition, and Winkle was not made a party to the suit. In this state of the case, of course the incapacity of the plaintiff to prosecute the action in his own name, was not one which could properly be raised by demurrer or motion. It could only be brought to the attention of the court upon the coming in of the proof. In those circumstances, the Supreme Court declared that it was not only competent for the defendant to raise the question of plaintiff's incapacity to maintain the suit by a special plea in the answer, as authorized by our statute, now sec. 605, R. S. 1899 (sec. 605, Mo. Ann. St. 1906), and to join in the same answer a plea to the merits of the action, but that the joinder of the plea to the merits did not operate to waive the matter of plaintiff's incapacity to sue, raised by the special plea therein. The proposition of law to be deduced from that case is that where the defect relied upon in the special plea is one latent in the case and does not appear on the face of the proceedings so as to be available by demurrer or motion, it is competent to raise the same by special plea in the answer, and that, in those circumstances, a plea in bar in the same answer does not operate a waiver of the question of plaintiff's right to proceed with the suit. [See Little v. Harrington, 71 Mo. 390.] The principle of that case is not pertinent here, for the reason the defect of jurisdiction over the person of the defendant in this case appeared on the face of the return and was waived by answering over to the merits without challenge by proper motion to quash the service. The principle underlying the waiver is the same which obtains in those cases where the petition defectively states a good cause of action which is not challenged by demurrer and the defendant answers over. In those circumstances, the defendant is regarded as having waived its right of demurrer as to the sufficiency of the allegations by answering thereto. [Hurst v. City of Ash

Grove, 96 Mo. 168; Grove v. Kansas City, 75 Mo. 672; Lycett v. Wolff, 45 Mo. App. 489.] In such circumstances, if with all implications and intendments in aid therefor, the petition can be reasonably construed to have implied facts for the omission of which a demurrer would have been sustained in the first instance, it will suffice. The principle is elucidated with care and accuracy in Munchow v. Munchow, 96 Mo. App. 553. To more accurately state the extent to which the principle referred to is applicable to this case, we should say, by failing to demur for a defect patent on the face of the petition, the defendant waives its right to complain thereof by answering over. Provided, always, however, the petition is sufficient to sustain the judgment when construed by allowing reasonable implications, under the rules which obtain after verdict. This proviso, of course, is not pertinent in this case, for the reason the question does not arise on the petition. In consonance with the principle touching the pleadings, the doctrine is well established in this State to the effect that where the defect of jurisdiction over the person appears on the face of the return and is not challenged by motion to quash, the defendant, by answering to the merits, will be regarded as having voluntarily entered its appearance and waived its right to complain of the jurisdiction of the court over its person. And this is true, notwithstanding the fact it attempts to abate the action because of the defect of jurisdiction over the person by a special plea which recites the appearance for that purpose only. [See Thomasson v. Mer. Town. Mut. Ins. Co., 217 Mo. 485, —— S. W. ——; s. c., 114 Mo. App. 109; Newcomb v. Railway, 182 Mo. 687.] We conclude, therefore, that notwithstanding its special plea to the jurisdiction of the court over the person of the defendant and the refusal of the defendant to further participate in the trial after the court had overruled the same, the defendant waived the jurisdiction of the court over its person by failing to move to quash the return.

And having thus waived the matter, it voluntarily appeared by filing its answer to the merits.

The evidence given at the trial is not before us. No bill of exceptions was taken in the case. The defendant has presented for review on appeal, the record proper only. The petition avers under the policy the amount of the loss shall be due and payable sixty days after the "ascertainment" thereof. It is nowhere pointedly averred in the petition, in that particular language at least, that "ascertainment" of the loss was ever made. In view of this fact, the sufficiency of the petition to support the judgment given thereon, is challenged after verdict. The principal criticism levelled against its sufficiency in respect of stating a cause of action, is that the plaintiff, having alleged that the amount of the loss was due him by the provisions of the policy sixty days after its ascertainment, it devolved upon him to aver as well that the loss had in fact been ascertained more than sixty days before the institution of the suit; otherwise it appears the suit is prematurely brought, for the reason the amount sued for was not then due. Had this question been raised by demurrer to the petition, it might possibly have been well taken, for it certainly devolved upon the plaintiff to state facts therein from which it appeared an ascertainment of the loss had been had sixty days prior to the institution of the suit on the policy. [Carberry v. German Ins. Co., 51 Wis. 605.] Be this as it may, we are now considering the sufficiency of the petition after verdict, and if it appears therein by reasonable implication, upon a fair construction of its averments, that an ascertainment was in fact had sixty days or more before the suit was instituted, it is sufficient, for under such circumstances, all intendments and implications which may arise from a fair construction of the petition, are to be allowed in aid of its sufficiency to support the judgment. Our statute of jeofail (sec. 672, R. S. 1899, sec. 672, Mo. Ann. St. 1906) provides, among other things, that no judgment shall be reversed

for the omission of any averment on account of which omission a demurrer could have been maintained; or for omitting any allegation or averment without proving which the triers of the issue ought not to have given such verdict. It is presumed the matter of ascertainment sixty days before suit, was proved, as it was incumbent on the plaintiff to do so. In the circumstances stated, the doctrine obtains that the defect in averment of the petition is cured by the verdict in favor of the party pleading on the theory and presumption that he has proved on the trial the facts so insufficiently averred. [Hurst v. City of Ash Grove, 96 Mo. 168; Grove v. Kansas City, 75 Mo. 672; Lycett v. Wolff, 45 Mo. App. 489; Munchow v. Munchow, 96 Mo. App. 553.]

The policy itself is not before us. As stated, the evidence was not preserved in a bill of exceptions. None of the provisions of the policy touching the matter of ascertainment or any other matter, so far as that is concerned, are incorporated *in haec verba* in the petition or annexed thereto. So it is we are unable to determine therefrom what particular significance the "ascertainment" referred to has in the context employed in the policy. To deal, then, with the word "ascertainment" as it appears in the petition only. The averment is that the loss was payable sixty days after ascertainment. "To ascertain a matter is to make a thing certain to the mind; to free from obscurity, doubt or change; to make sure of; to fix; to determine." [Webster's Dict.] When, as here, the matter is not illuminated by the context of the policy touching the matter of ascertainment, we understand the word as thus employed in the petition to signify that the loss was payable sixty days after its character, amount and extent had been ascertained by the plaintiff; that is, after plaintiff had determined the character, amount and extent of the loss. Upon his determination of the character, amount and extent of the loss, plaintiff had ascertained the same within the

137 App.—17

meaning of the policy, so far as we can see from the petition. Now it is subsequently averred in the petition that on the 20th day of May, plaintiff gave defendant full notice and proof of the fire and loss aforesaid, and demanded its payment, etc. Proof is said to be "that degree of evidence which convinces the mind of any truth or fact, and produces belief; conclusive evidence; demonstration." Therefore, if plaintiff made proof of loss on May 20th, as averred, this essentially involved the ascertainment thereof, for to demonstrate it or render it certain, essentially determined its character, amount and extent. While what the proof of loss must contain in insurance cases depends upon the requirements of the policy it is a matter generally conceded in insurance law that proof of loss involves a showing of the character, amount and extent of the same. [Ostrander on Fire Insurance (2 Ed.), sec. 226.] A fair construction of the allegation that the plaintiff gave defendant proof of loss on May 20th, allowing the words employed their usual import, essentially involves the idea that the character, amount and extent of the loss had been determined or ascertained and was communicated that day to the defendant. It appearing the suit was instituted more than sixty days after that date, it follows the amount was due at the time of the institution of the suit.

The petition avers that the fire which destroyed the property occurred on the 28th day of April. It is also averred therein that on the 20th day of May thereafter, plaintiff gave due notice thereof to the defendant. On these facts, it is insisted that it affirmatively appears on the face of the petition the plaintiff failed to give defendant notice of the loss within a reasonable time, and therefore ought not to be permitted to recover. Authorities are cited to the proposition that where it appears conclusively that a matter which should be done within a reasonable time had been neglected until an unreasonable time had elapsed, the court may declare

as a matter of law that the act was not performed within
a reasonable time. [Wiggins v. Burkham, 10 Wall. 129,
133, 77 U. S. 884.] Nothing whatever appears in the
petition indicating within what time notice of the loss
should be transmitted to the defendant, and under those
circumstances, we certainly could not declare as a mat-
ter of law that the time elapsing between April 28th
and May 20th, was unreasonable. Especially in view
of the public policy of this State, as indicated by our
statute (sec. 7979, R. S. 1899, sec. 7979, Mo. Ann. St.
1906) applying to fire insurance companies other than
town mutual, to the effect that such notices may be
given within ninety days after the loss. It is very true
that particular section does not apply to the policy in
suit here, issued by a town mutual insurance company,
for the reason our Legislature, in 1901 (See Laws of
Missouri, 1901; sec. 8084, Mo. Ann. St. 1906) exempted
town mutual insurance companies from its provisions.
Nevertheless its provision to the effect that notice of the
loss may be given fire insurance companies other than
town mutuals within ninety days after the loss, is such
a forceful exemplification of our public policy on the
question as to constitute a sufficient reason for our de-
clining to declare as a matter of law that a lapse of
less than thirty days is an unreasonable time, even in
cases of town mutual insurance companies, which are
exempted therefrom. Learned counsel rely, however,
upon the provisions of sec. 7977, R. S. 1899, sec. 7977,
Mo. Ann. St. 1906, as though it affixes the duty as a
matter of law upon the insured in every cause to give
notice within a reasonable time. We believe there may
be no doubt of the general proposition, aside from any
statute on the subject, that it is the duty of the
insured to give notice of the loss within a reasonable time
thereafter, especially if the policy so requires. The re-
quirements of the policy on this question are not before
us, however, nor does the petition allege that notice
was given within a reasonable time. The statute last

mentioned, sec. 7977, is relied upon exclusively. The purport of that section and the succeeding section 7978, is to the effect that if the insured shall give notice of the loss to the company within a reasonable time thereafter, then it becomes the duty of the company to furnish the insured blank forms for rendering proof of loss, and that if the company fails to discharge this duty, it will be considered to have waived the requirements of the policy pertaining to proof of loss. The provisions of the section referred to as to reasonable time, would no doubt be pertinent here were the question in decision one pertaining to a waiver of the proof of loss operated by the statute for the default of the company in supplying the same to the insured after having received notice of the fire. No such question is before us, however, and we have found ourselves wholly unable to perceive the relevancy of the statute referred to at all, in so far as the matter in judgment is concerned. Although it appears from the petition that it was the duty of the plaintiff to give notice of the loss, and this no doubt under the rule of the common law, within a reasonable time, we decline to affirm, as a matter of law, that the notice alleged to have been given on the 20th day of May concerning the loss which occurred April 28th, was not within a reasonable time. Indeed, this very matter of notice may have been waived by the defendant, and the fact that it was waived may have been proved on the trial. It is true such waiver was not pointedly pleaded. However, the petition contains the usual allegation that plaintiff had performed all of the conditions of the policy on his part, and it is well settled in this State that under this general allegation of performance in an action on an insurance policy, the plaintiff may prove any and all forms of waiver. It is said the proof of waiver establishes performance, within the meaning of the allegation. Of course, the rule does not otherwise obtain, but it does obtain in insurance cases beyond question. [Andrus v. Insurance

Company, 168 Mo. 151; McCullough v. Ins. Co., 113 Mo. 607; Murphy v. Insurance Co., 70 Mo. App. 78; Winn v. Insurance Co., 83 Mo. App. 123.] It being competent to show under this allegation of performance that defendant waived the notice, it may be presumed, in order to sustain the judgment, that it was proved the notice was waived, and the averment of notice on May 20th could be treated as surplusage. This is allowable after verdict.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.