STATE OF MISSOSURI at the relation of J. PORTER HENRY, LEWIS W. THOMSON and J. EDWARD COWAN, Relators, v. STATE AUDITOR and FORREST SMITH, as such State Auditor; COUNTY COURT OF NEW MADRID COUNTY and SULLIVAN THOMPSON, ELON PROFFER and O. R. RHODES, as Justices of said Court; CLERK OF THE COUNTY COURT OF NEW MADRID COUNTY and R. L. JONES, as such Clerk; COLLECTOR OF THE REVENUE OF NEW MADRID COUNTY and J. K. ROBBINS, as such Collector; TRUSTEE FOR CONRAN-GIDEON SPECIAL ROAD DISTRICT OF NEW MADRID COUNTY and R. F. BAYNES, as such Trustee.—118 S. W. (2d) 19.

Court en Banc, June 17, 1938.

*Chas. Claflin Allen, Jr.*, and *Green, Henry & Remmers* for relators.

*Roy McKittrick,* Attorney General, and *Covell R. Hewitt,* Assistant Attorney General, for Forrest Smith, State Auditor.

GANTT, J.—Original action in mandamus against the State Auditor, county officers, including the county judges, of New Madrid County and the liquidating trustee of the Conran-Gideon Special Road District to compel the levy, certification and collection of taxes to pay the past due bonds of said district owned by the relators.

The State Auditor made return to the writ. The other respondents did not make return but made default. The bonds were ruled valid in Thomson & Co. v. Conran-Gideon Special Road District, 323 Mo. 953, 19 S. W. (2d) 1049.

The district was incorporated in 1923 under what is now Article XVI, Chapter 42, Revised Statutes 1929. On September 25, 1933, it was dissolved under Section 8195, Revised Statutes 1929, and R. F. Baynes was appointed trustee to liquidate the district. The total of past due indebtedness on the bonds is $15,900 and $6669 of unpaid interest. Relators own $14,800 of the bonds with $6399 unpaid interest. At the time the bonds were issued the commissioners of the district provided by resolution for the levy of taxes to pay the bonds and interest, and in doing so provided a levy of $2360 for the year 1937.

On June 14, 1937, the county officials and the trustee of the district had not made the necessary levy for bond purposes. At that time relators presented the matter to the State Auditor and demand-

ed that he make the levy for said purposes under Section 8182, Revised Statutes 1929. He refused on the ground that the demand for the levy was not presented to him within the time fixed by statute. Thereafter the trustee, under the order of the county court, made a 1937 levy for bond purposes of fifty cents on the one hundred dollar valuation of the property in the district. He certified this levy to the county clerk, who extended the same on the tax books for said year. The assessed valuation of said property was $188,200, and the fifty cent levy provided taxes in the sum of $941. This amount was wholly insufficient to meet the current maturities of the bonds with interest. Relators then demanded of the State Auditor that he make an additional levy for said year so the total levies would equal $2360, the current levy for said year, as provided by the board of commissioners in the resolution of September 22, 1923, and also demanded that he make a sufficient levy to pay the district's past due bonds with interest. The auditor again refused, and relators instituted this action in mandamus.

That part of Section 8182 directing the auditor with reference to a levy follows:

"Whenever it shall be made to appear to the state auditor that the board of commissioners has failed or neglected to comply with this section in making provision for the payment of interest on and the principal of bonds issued it shall be the duty of the state auditor, on or before the first day of May, to perform and discharge the duties of the board of commissioners in so far as it is its duty to levy special taxes for the purpose of paying the interest on and the principal of bonds issued."

Relators contend that the provision for a levy by the auditor "on or before the first day of May" is only directory and for the pupose of furthering an orderly administration of the levy, assessment and collection of taxes. The contention must be sustained. It is provided in Section 9791, Revised Statutes 1929, as follows:

"No assessment of property or charges for taxes thereon shall be considered illegal on account of any informality in making the assessments or in the tax lists, or *on account of the assessments not being made or completed within the time required by law.*" (Italics ours.)

Furthermore, in State ex rel. v. Hannibal & St. Jos. Ry. Co., 113 Mo. 297, 21 S. W. 14, the county court levied a tax in November for the payment of the bonds. In that case the statute provided that the levy for the bonds should be made at the time other taxes were levied. Defendant contended that the failure to comply therewith invalidated the tax. We overruled the contention and held that it was a valid exercise of the power conferred on the county court to make the levy; that the provision that the levy for the bonds should

be made at the time of making the regular levy was only directory, and that six months delay did not interfere with the power to levy the tax. It follows that the auditor should have made the levy as twice requested by relators.

The peremptory writ should be awarded. It is so ordered. All concur.