STATE ex rel. Mrs. Connie HEATH,
Relator-Appellant,

v.

COUNTY COURT FOR NEW MADRID
COUNTY, Missouri, and Albert Beis, Guy
Calvin, and O. R. Rhodes or their successors, Defendants-Respondents.

No. 7814.

Springfield Court of Appeals.

Missouri.

Jan. 11, 1960.

Sharp & Hatley, Charles C. Hatley, New Madrid, for appellant.

J. V. Conran, New Madrid, for respondents.

McDOWELL, Judge.

Mrs. Connie Heath instituted this action in mandamus against Albert Beis, Guy Calvin, and O. R. Rhodes, the duly elected, qualified and acting Judges of the County Court of New Madrid County, Missouri.

It appears from the record that the Conran-Gideon Special Road District was incorporated in 1923 and in the course of its existence issued $22,200 worth of road bonds. Relatrix-appellant is the owner of one of these $1,000 bonds which is unpaid, and, as such owner instituted this action. Subsequently the road district was dissolved and the County Court of New Madrid County appointed R. F. Baynes trustee of the district, who administered the trust until his death in December, 1952, without, however, making a full report and without paying all of the district's obligations, including relatrix' $1,000 bond. It is alleged that the last payment on the bond held by relatrix was made June 16, 1945, in the sum of $180 to be applied on interest. The petition alleged that there is no one acting as trustee of said road district and that relatrix did in December, 1955, demand and request the county court to appoint a trustee for said road district to complete and finish the liquidation thereof and complete payment of the outstanding indebtedness, including relatrix' bond, but that said court refused such demand. The prayer of relatrix' petition is for a writ of mandamus commanding the judges of the county court to perform the duties devolved upon them by law and to appoint a (successor) trustee for said Conran-Gideon Special Road District to the end that he may perform the duties required of him by law. Service was had upon each of the county judges named but not on the county court.

Pursuant to this petition the trial judge of New Madrid County issued its temporary writ of mandamus commanding and enjoining the County Court of New Madrid County, Albert Beis, Guy Calvin, and O. R. Rhodes, Justices thereof, to immediately upon receipt of the writ appoint a trustee for said Conran-Gideon Special Road District to act in the place of the said R. F. Baynes, deceased, or that they appear before the Circuit Court on June 24, 1955, at 10:00 a. m., to show cause for such refusal.

The defendants filed motion to dismiss and quash alternative writ of mandamus and to dismiss and quash the petition of relatrix for the reasons: that no legal service and no summons issued for New Madrid County, therefore, the court had no jurisdiction; that the petition failed to state a cause of action against defendants, and that the matters presented by the petition and alternative writ of mandamus are res adjudicata having been previously raised in the Supreme Court in case No. 35845, wherein a writ of mandamus was directed to the County Court of New Madrid County and the terms thereof having been fully satisfied, all matters purported to be raised by the relatrix in this case have been settled in the aforesaid Supreme Court.

The cause was heard by Honorable Fred L. Henley, successor to Judge Allen, deceased, on stipulated facts and the following judgment entered:

"Now on this day in open court the Alternative or Temporary Writ of Mandamus heretofore issued June 14th, 1955 is by the court hereby quashed; premptory Writ of Mandamus is denied and plaintiff's Petition for Writ is dismissed in the above case."

It affirmatively appears that the grounds of defendants' motion to quash, on which the court based its rulings, were: that there has been no legal service in the case because no summons was served on the clerk of the County Court of New Madrid County, and that, because of the lack of such service, the trial court was without juris-

diction; that the petition failed to state a cause of action and that the matters alleged in said petition are res adjudicata.

We are not favored in this appeal with a brief on the part of respondents.

Under the record presented in this case there seems to be no contention made that the judges of the county court, (defendants herein), were not properly served. However, we observe that the motion to quash, sustained by the trial court, is not based on a lack of authority or power in the court to entertain a suit against members of the county court but upon the failure to get service upon the county by serving the clerk of the county court as provided by § 506.150 [4] RSMo 1949, V.A.M.S.; Hill v. Barton, 194 Mo.App. 325, 188 S.W. 1105; Wice-carver v. Mercantile Town Mutual Ins. Co., 137 Mo.App. 247, 117 S.W. 698.

In the instant action the suit is against individual members of the county court in their official capacity. Whether the trial court found that an action would not lie against defendants, as members of the county court, we cannot say. However, there are numerous authorities of the courts of record of Missouri where mandamus proceedings have been brought against members of the county court. State ex rel. Stipp v. Cornish, Mo.Sup., 19 S.W.2d 294; State ex rel. Henry v. State Auditor, 342 Mo. 797, 118 S.W.2d 19; State, to Use of Nee v. Gorsuch, 303 Mo. 295, 260 S.W. 455, 456 [2]. In the last cited case, the court stated:

" 'The Courts of Appeals have several times entertained appeals where judges of the county court were parties, without a question being raised as to the jurisdiction. * * *' " (Citing many cases.)

We find no authority where it was ever questioned that mandamus is not a proper proceeding against judges of the county court in their official capacity where the facts warranted.

■ The primary purpose of a writ of mandamus is to enforce an established right and to enforce a corresponding imperative duty created or imposed by law and absence of another remedy. 55 C.J.S. Mandamus § 51, p. 85.

It was stated under this section on page 86: " * * * Its principal function is to command and execute, and not to inquire and adjudicate, and, therefore, it is not the purpose of the writ to establish a legal right, but to enforce one which has already been established. * * *"

In 34 Am.Jur. (Mandamus) § 4, p. 810, the law is stated: "It is employed to compel the performance, when refused, of a ministerial duty, this being its chief use."

Under § 7, p. 812, it is stated: "Remedy in Personam—What the writ of mandamus seeks to enforce is the personal obligation of the individual to whom it is addressed, and it rests upon the averred and assumed fact that the defendant or respondent has neglected or refused to perform a personal duty to the performance of which by him the relator has a clear right. The writ does not reach the office, nor can it be directed to the office. Like injunction, it acts directly on the person of the officer or other respondent, coercing him in the performance of a plain duty."

Under the stipulated facts in the instant case, relatrix has a clear right to the payment of the overdue bond held against the special road district. The method of payment of the obligations of the special road district is provided by statutory law. Under § 233.425 RSMo 1949, V.A.M.S. the special road district was legally dissolved. Under § 233.430, the obligations of this road district were in no way invalidated by the dissolution of the district. Under § 233.435, the county court was obligated to appoint a competent person as trustee for such district when it was dissolved.

Under § 233.440 the trustee was invested with power to liquidate all the lawful de-

mands against the district. The law fixed the method by which relatrix could collect her bond. The county court had no judicial power or authority to pass upon this method of collecting. Its duty was purely ministerial, that is, to appoint a trustee. The legislature, by statute, has fixed the duties of the county court, using the court as an instrument to effectuate its purpose. State ex rel. Harvey v. Gilbert, 163 Mo.App. 679, 147 S.W. 505, 508 [6].

■ We think the law is properly stated in 55 C.J.S. Mandamus § 51, p. 87, to-wit: "Mandamus is ordinarily a remedy for official inaction, by compelling the performance of a legal duty which the person, officer, or board charged therewith has failed or refused to perform; * * *"

■ It is unnecessary to discuss or cite authority that a trust is never allowed to be terminated for want of a trustee. It, here, was clearly the duty of the county court, under the stipulated facts, to appoint a successor trustee to R. F. Baynes who died before he had completed his duties as trustee for the Conran-Gideon Special Road District. We find that the judgment of the trial court cannot be sustained under the first theory or ground presented in the motion to quash.

■ The second ground relied upon for the motion to quash is the sufficiency of the petition.

In 55 C.J.S. Mandamus § 51, p. 87, this law is stated:

"Before the writ may properly issue, at least three elements must coexist: (1) The existence of a clear right in plaintiff or the relator to the relief sought, * * * (2) The existence of a legal duty on the part of respondent or defendant to do the thing which the relator seeks to compel, * * * (3) The absence of another adequate remedy at law, * * *."

Examining the petition in the light of the above requirements the petition does state facts showing a clear right in plaintiff to the relief sought. It pleads the existence of a duty on the part of defendants to do the things which relatrix seeks to compel and it states facts which show that relatrix had no other adequate remedy at law.

The very essence of relatrix' action is that defendants have neglected or refused to perform a personal duty of which relatrix has a clear right. The petition fully states facts showing such a clear right on the part of relatrix and the neglect and refusal of the defendants in their official capacity as members of the county court to perform such personal duty as is fixed by law. We find that the trial court was not justified in sustaining the motion to quash and in dismissing relatrix-appellant's petition.

■ The last ground alleged in the motion to quash upon which the trial court could have relied in rendering his judgment, was that the matters presented in the petition and in the alternative writ of mandamus are res adjudicata having been previously raised in the Supreme Court in case No. 35845.

In Smith v. Smith, Mo.App., 299 S.W.2d 32, 35 [5], our court stated: "Res judicata sometimes expressed as 'res adjudicata', literally means the matter has been decided. It also means a thing judicially acted on or decided; a thing definitely settled by judicial decision, judicial judgment, or judicial opinion; a thing or matter settled by a judgment. 77 C.J.S. page 274.

"It was held in In re McMenamy's Guardianship, 307 Mo. 98, 270 S.W. 662, 667, that 'When a fact has been directed tried and settled by a court of competent jurisdiction, it cannot be contested again between the same parties or their privies, in the same or any other court.' See 17A Mo.Dig., Judgment, ⟲632, p. 369."

The Supreme Court case, referred to in the motion to quash, reported in Lewis W. Thompson & Co. v. Conran-Gideon Special Road Dist., 323 Mo. 953, 19 S.W.2d 1049,

involved the validity of the bonds issued by the special road district in question. It did not have the same parties nor did it involve the same issues as in the instant case. The Supreme Court declared that the bonds issued by Conran-Gideon Special Road District were valid. So it clearly appears that the trial court would not have been justified in sustaining the motion to quash and dismissing relatrix' petition on this assigned ground.

The only other case concerning matters of this special road district, decided by the Supreme Court, was found in State ex rel. Henry v. State Auditor, 342 Mo. 797, 118 S.W.2d 19. This was an action against the state auditor and the judges of the county court to enforce the levy of taxes for payment of bonds and interest on the bond issue herein involved. Relatrix was not a party to this action and the issues involved were not the same as are involved in the present mandamus suit. The Supreme Court merely interpreted the statute and held that it was the duty of the State Auditor to extend taxes in said road district for the payment of its indebtedness. So, under no theory, was the trial court justified in sustaining the motion to quash.

Judgment of the trial court quashing the temporary writ of mandamus and dismissing plaintiff's petition is set aside and judgment ordered entered making the temporary writ peremptory.

STONE and RUARK, JJ., concur.